UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| **FRANCISCO TORRES-GARCIA,** | : | **CRIMINAL NO.** |
| a/k/a "Pancho" | : | |
| a/k/a "Paco" | : | **(UNDER SEAL)** |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT
## AND ARREST WARRANT

The United States, by and through the undersigned attorney, respectfully moves the Court for an order directing that the Indictment returned in the above-captioned case, the arrest warrant for the above-named defendant, this motion and the Court's order thereon be placed under seal until further order of the Court.

Courts have inherent power to control access to papers filed with the Courts. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. See Post v. Robinson, 935 F.2d 282, 289, n. 10 (D.C. Cir. 1991).

The defendant is charged with being the head of a large scale Mexican-based drug trafficking organization, and the leader of a conspiracy: (1) to distribute five kilograms or more of cocaine and 500 grams or more of methamphetamine outside the United States with the intent

and knowledge that the cocaine will be unlawfully imported into the United States; and (2) to import five kilograms or more of cocaine and 500 grams or more of methamphetamine into the United States.

The United States moves to seal the Indictment and related documents in the above-captioned case because the defendant is a foreign national residing abroad, and disclosure of the Indictment would hinder law enforcement in apprehending him.

To aid in his apprehension, however, and as a matter of diplomatic comity, the United States needs to notify the appropriate foreign officials of the existence of the Indictment and arrest warrant. Accordingly, the United States respectfully requests that it be permitted to inform the proper foreign authorities where the defendant may be found or expected, of the Indictment and the arrest warrant, and to provide the appropriate authorities where any defendant may be found or expected, with copies of same.

**WHEREFORE**, for the foregoing reasons, the United States respectfully moves to seal the Indictment in the above-captioned proceeding, the arrest warrant, this motion and the Court's order thereon and to delay entry on the public docket of the filing of the Indictment, this motion to seal and the Court's order thereon until further order of the Court.

                                              Respectfully submitted,

                                              _____
                                              Matthew Stiglitz
                                              Trail Attorney
                                              U.S. Department of Justice
                                              Narcotic and Dangerous Drug Section
                                              1400 New York Ave., N.W., 8th Floor
                                              Washington, D.C.  20530
                                              (202) 305-3646

Case 1:05-cr-00267-RMC    Document 1    Filed 07/21/2005    Page 3 of 3