UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 05-267 (RMC) |
| : | |
| FRANCISCO TORRES-GARCIA : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States respectfully moves this court to order the pretrial detention of defendant Francisco Torres-Garcia pursuant to 18 U.S.C. § 3141(e). As set forth herein, there is a statutory presumption in favor of detention because the defendant is charged with, inter alia, Conspiracy to Distribute for the Purpose of Unlawful Importation Into the United States Five Kilograms or More of Cocaine and 500 Grams or More of Methamphetamine, an offense which carries a maximum penalty of more than ten years imprisonment. Moreover, the defendant has few lawful ties to the United States, the ability to flee if released from custody, and would pose a danger to the community unless he is detained.

I) Factual Background

The charges in this case arise from evidence obtained during OPERATION GULF STREAM, a ten month investigation conducted by the Drug Enforcement Administration (DEA), which targeted a Mexican-based cocaine and methamphetamine drug trafficking organization headed by the defendant. This multi-district investigation involved the use of numerous wiretaps and undercover agents who successfully infiltrated the organization.

In October 2004, a DEA confidential informant received information that the defendant and some of his associates were seeking maritime transportation for 3,000 - 4,000 kilograms of cocaine from Colombia to the coast of Mexico, where the defendant's organization would take possession and subsequently import it into the United States. The informant relayed this information to the DEA, which began to investigate. In a series of consensually recorded calls, the informant and the defendant discussed their drug and money laundering needs, and the informant was able to introduce an undercover DEA agent as right hand man. The agent had numerous conversations with the defendant over the phone, which culminated in 2 personal meetings with him in Panama.

In these calls and meetings, it was learned from the defendant that he had been importing multi-hundred kilogram quantities of cocaine into the United Stated for several years, using a fleet of tractor trailers, which would make deliveries throughout the United States. His organization also had in place a means of laundering large quantities of money out of the United States.

As the investigation progressed, the defendant provided the undercover agent with introductions to members of his organization in Houston and Chicago, and the DEA was able to begin investigating them as well. With respect to the defendant's associate in Chicago, a DEA undercover agent provided him with $400,000 in purported drug proceeds, which the defendant's organization was able to launder to an undercover agent in Bogota, Colombia. The Chicago associate was able to arrange sources of supply of both cocaine and methamphetamine for the undercover agent, ultimately "fronting" him approximately 15 pounds of methamphetamine in Dallas, Texas. Intercepted phone conversations and consensually recorded phone calls reflect that the defendant was intimately involved in these activities.

II) <u>Legal Analysis</u>

The federal bail statute authorizes a defendant's pretrial detention when no "condition or combination of conditions will reasonably assure the appearance of the person .. . and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute further provides that there is a rebuttable presumption that the defendant should be detained if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 18 U.S.C. § 3142(e).

The existence of the indictment in this case establishes probable cause as a matter of law. <u>See</u> <u>e.g.</u>, <u>United States v. Quartermaine</u>, 913 F.2d 910, 916 (11th Cir. 1990). Moreover, the Government is permitted to proceed by proffer to establish other facts relevant to the bail decision. <u>United States v. Smith</u>, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Several other factors in the detention statute also support the Government's request for pretrial detention. As an initial matter, the nature and circumstances of the offense are compelling. 18 U.S.C. § 3142(g)(1). By his own admission, the defendant has been responsible for the importation of multi-hundred kilogram loads of cocaine, and as established through the investigation, he was responsible for the importation of multi-kilogram loads of methamphetamine into the United States.

Second, the weight of the evidence against the defendant is substantial. 18 U.S.C. § 3142(g)(2). The indictment in this case is based upon a 10 month wiretap and undercover investigation which resulted in direct phone conversations between the defendant and a DEA undercover agent, and culminated in two personal meetings with the defendant in Panama where drug trafficking and money laundering operations were discussed. Furthermore, "coded" conversations were monitored between the defendant and members of his organization in

Houston and Chicago, discussing drug and money laundering activities which corresponded with undercover DEA activity.  Moreover, a confidential source with personal knowledge of the conspiracy is prepared to testify against the defendant at trial.

Third, the fact that the defendant is a Mexican citizen with few ties to the United States argues in favor of his detention pending trial.[1]  18 U.S.C. § 3142(g)(3)(A). Several courts have ordered pretrial detention of foreign defendants without any contacts to the United States. E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably assure his appearance at trial); United States v. Geerts, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was citizen of Netherlands who faced possibility of approximately fifty years imprisonment on customs related charges and had no significant ties to United States; he thus presented a serious risk of flight which justified pretrial detention). Supporting the presumption in this case is the fact that in a meeting with an undercover DEA agent in Panama in December 2004, the defendant acknowledged that while having traveled in the United States, he did not wish to do so again.  Now facing a life sentence, it is only fair to assume that his desire to remain away from the United States is greater.[2]

Finally, the defendant constitutes a clear and present danger to the community.  The federal courts have recognized that drug traffickers, particularly those in positions of authority,

---

[1]The defendant has a sister who resides in McAllen, Texas.  However, evidence gathered during the investigation indicates that she is a member of the defendant's organization, operating as both as a storehouse for methamphetamine and well as a facilitator for laundering money.

[2]It should also be noted that in this same meeting, the defendant alluded to the fact that he had the assistance of corrupt Mexican law enforcement officials to aid him in his drug trafficking.  Therefore, it is reasonable to believe that arrest and extradition from Mexico, should he flee there, would be difficult.

are likely to continue engaging in drug related activities if released on bail and thus, constitute a danger to the community. See <u>United States v. Knight</u>, 636 F.Supp. 1462 (S.D. Fla. 1986). <u>Accord</u> <u>United States v. Creekmore</u>, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.).

III) <u>Conclusion</u>

For all of the foregoing reasons, the Government respectfully requests that the motion to detain the defendant without bond pending trial be granted.

Respectfully submitted

MICHAEL WALTHER, Acting Chief
Narcotics and Dangerous Drug Section

_____
Matthew Stiglitz
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
8th Floor
Washington, D.C.  20530
(202) 305-3646

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing motion was hand-delivered to counsel of record in open court on this 9th day of August, 2005.

_____
Matthew Stiglitz