UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FRANCISCO TORRES-GARCIA,<br>　　　　　　　　Defendant. | Criminal No.  05-267<br>(RMC)(AK) |

**DETENTION MEMORANDUM**

　　The Defendant, Francisco Torres-Garcia, has been indicted by a grand jury with conspiracy to distribute for the purpose of unlawful importation into the United States, 5 Kilograms or more of cocaine and 500 Grams or more of methamphetamine, and money laundering in violation of 21 U.S.C. §§ 952, 959, 960 (b)(1)(B)(ii) & (H), and 963.  The government requested a detention hearing, which was held on August 12, 2005.  At the conclusion of the hearing, the Court found that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

Defendant is charged with heading a Mexican-based cocaine and methamphetamine drug trafficking organization responsible for importing multi-hundred kilogram loads of narcotics into the United States. The charges in this case arise from a 10-month undercover Drug Enforcement Administration (DEA) operation targeting the organization allegedly controlled by Defendant. Through the use of wiretaps, confidential informants and undercover agents who infiltrated the organization, the DEA learned that Defendant was seeking to transport 3,000 - 4,000 kilos of cocaine from Columbia to Mexico, for subsequent importation in the United States.

A confidential informant was able to introduce an undercover agent to Defendant as a "right hand man"for purposes of this particular shipment. As a result of numerous telephone conversations with Defendant and two personal meetings in Panama, the undercover agent learned that Defendant had been importing thousands of kilograms of cocaine into the United States for several years.

According to the government, the same undercover agent also provided one of Defendant's associates in the United States with $400,000 in purported drug proceeds, which Defendant's organization then laundered to another undercover agent in Bogota, Colombia. Defendant's associate also fronted this undercover agent with approximately 15 pounds of methamphetamine in Dallas, Texas. DEA has recorded telephone conversations demonstrating defendant's intimate involvement in these activities.

**Discussion**

When, as here, a grand jury finds that there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10

years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant is charged with running an international drug trafficking organization that has imported hundreds of multi kilogram loads of cocaine into the United States over the past several years.

The second factor, the weight of the evidence, also favors detention. The DEA has tape-recorded conversations of Defendant's involvement in trafficking of cocaine and methamphetamine and money laundering. The DEA also has information from undercover agents who infiltrated the organization and interacted directly with Defendant.

The third factor, the history and characteristics of the Defendant, also favors detention. Defendant is a resident of Mexico, who was forcibly brought into the United States from Panama to answer the present indictment. Defendant's only known tie to the U.S. is a sister in McAllen, Texas who is herself suspected of involvement in Defendant's drug trafficking organization. Defendant is thus a serious flight risk. Should Defendant flee to Mexico, there is reason to believe that extradition would be difficult. Defendant apparently referred to the assistance of corrupt Mexican law enforcement officials during a meeting in Panama with the undercover agent. Thus, this Court does not believe there are any conditions of release that would assure Defendant's future appearance on the pending charges.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant is charged with running a large-scale drug trafficking operation from Mexico, through Central America and South America into the United States. This clearly demonstrates that he is a substantial danger to the community. The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotics trafficking is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

**Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure Defendant's future presence in court or the safety of the community. Therefore, the government's motion for pretrial detention is granted.


Dated: August _15th_, 2005               _____/s/_____
                                         ALAN KAY
                                         UNITED STATES MAGISTRATE JUDGE