UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  05-267(RMC) |
| ) | |
| FRANCISCO TORRES-GARCIA, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS INDICTMENT**

      NOW COMES the Petitioner, Francisco Torres-Garcia, through one of his attorneys, Ralph E. Meczyk, and respectfully requests that this Honorable Court dismiss the indictment against him and order his repatriation to Mexico.  In support of his motion, Mr. Torres-Garcia states the following:

      In 1992, the United States Supreme Court decided United States v. Alvarez-Machain, and held that a criminal defendant who was abducted by the United States (DEA Agents) from a nation with which it has an extradition treaty, does not acquire a defense to jurisdiction of United State's courts, unless the governing extradition treaty prohibits such abductions.  504 U.S. 655 (1992). (Mexican national abducted from Mexico did not acquire a defense to jurisdiction because extradition treaty between United States and Mexico did not prohibit abductions to secure a defendant's presence).

      When reaching its decision, the Court examined a line of cases stemming back to 1886.  *See, specifically,* Ker v. Illinois; 119 U.S. 436 (1886)(defendant who had been kidnapped by private agent could be put to trial, despite any extradition treaty between the involved nations); United States v. Rauscher; 119 U.S. 407 (1886)(Court held that a person who is brought into jurisdiction by virtue of proceedings under extradition treaty can only be tried for offenses described in the treaty and only for the offense charged in the extradition proceedings until given opportunity to return to country extradited from (referred to as the doctrine of speciality)); Frisbie v. Collins; 342 U.S. 519 (1952)(Conviction upheld of defendant who was kidnapped in Chicago by Michigan

authorities and due process satisfied by "a fair trial in accordance with constitutional procedural safeguards). Moreover, the Court cited Air France v. Saks, for the proposition that when construing a treaty, just like a statute, we first look to its terms to determine its meaning.  504 U.S. 655, 663 citing 470 U.S. 392, 397 (1985).

In this case, contrary to extradition treaty referenced in Alvarez-Machain, the extradition treaty between Panama and the United States particularly explains the "proper course" for securing the arrest and detention of a fugitive who is located in the Republic of Panama prior to presenting the formal proofs necessary for extradition.  *Treaty Between the United States and Panama for the Mutual Extradition of Criminals*, May 25, 1904, [1905] 34 Stat. 2851, hereafter referred to as "US-Panama Treaty."  Specifically, Article IV of the US-Panama Treaty states in pertinent part:

> "Where arrest and detention of a fugitive are desired on telegraphic or other information in advance of the presentation of formal proofs…[and] [w]hen…the arrest and detention of a fugitive are desired in the Republic of Panama, *the proper course* shall be to apply to the Foreign Office, which will immediately cause the necessary steps to be taken in order to secure the provisional arrest or detention of the fugitive.  The provisional detention of the fugitive shall cease and the prisoner be released if a formal requisition for his surrender, accompanied by the necessary evidence of his criminality has not been produced under the stipulations of this Treaty, within two months from the date of his provisional arrest or detention." (emphasis added).

Clearly, the *proper*, as opposed to improper or impermissible means or method of arresting or detaining a fugitive in Panama, prior to formally extraditing the fugitive, is an application to the Foreign Office, not an abduction by Federal agents.  In this case, Mr. Torres-Garcia was lured into Panama by DEA agents and abducted immediately upon arrival.  Interestingly enough, the extradition treaty between the United States and Mexico (the country of Mr. Torres-Garcia's citizenship and residence) prohibits extradition when individuals face potential sentences.  *Extradition Treaty, May 4, 1978, [1979] United States-United Mexican States,* 31 U.S.T. 5059.  Not only did the government try to circumvent its agreement with Mexico, but it blatantly violated the explicit terms of its treaty with Panama.  This outrageous government conduct truly "shocks the conscience" and warrants a complete dismissal of indictment against Mr. Torres-Garcia and his repatriation to Mexico.

WHEREFORE, Mr. Torres-Garcia, respectfully requests that this Honorable Court conduct an evidentiary hearing and oral argument, dismiss the indictment against him and order his repatriation to Mexico.

                    Respectfully submitted,

                    __/s/ Ralph E. Meczyk_____
                    Ralph E. Meczyk
                    One of Mr. Torres-Garcia's attorneys

Ralph E. Meczyk & Associates
111 West Washington Street, Suite 1025
Chicago, Illinois 60602
(312) 332-2853

## CERTIFICATE OF SERVICE

I certify that on December 19, 2005, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the following:

Matthew Robert Stiglitz
Assistant United States Attorney

/s/ Darryl A. Goldberg
Darryl A. Goldberg
One of Mr. Torres-Garcia's attorneys
111 W. Washington St, Suite 1025
Chicago, IL 60602
(312)332-2853