UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES,

v.

WILLIAM ELIU MARTINEZ,

Defendant.

Criminal Action No. 03-331 (CKK)

FILED

DEC 17 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION
(December 17, 2004)

Defendant William Eliu Martinez moves to dismiss the indictment in this case for improper venue. The Government opposes Defendant's motion, and relies on 21 U.S.C. § 959(c) to provide proper venue in the District of Columbia. After considering the parties' briefs and relevant law, the Court will deny Defendant's motion for dismissal of the indictment for improper venue.

I: BACKGROUND

Defendant, along with four co-defendants still at large, was charged on October 30, 2003, with one count of conspiracy to import five kilograms or more of cocaine into the United States, and to manufacture or distribute five kilograms or more of cocaine knowing and intending that it would be imported into the United States, in violation of 21 U.S.C. §§ 952, 959, 960, and 963. Superseding Indictment ("S.I.") at 3. In addition, Defendant was charged with distribution of five kilograms or more of cocaine knowing and intending that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959(a) and 18 U.S.C. § 2. Govt.'s Response to Def.'s Mot. to Dismiss ("Govt.'s Response") at 2.

Following the superseding indictment, Defendant was arrested by the Drug Enforcement Agency ("DEA") in Panama. Def.'s Mot. to Dismiss at 2. From Panama, Defendant was taken to Guantanamo Bay, Cuba, then brought into the United States. *Id.* After being flown to Florida and Virginia, Defendant was brought to the District of Columbia and arraigned on November 14, 2003. *Id.* Defendant is a naturalized citizen of the United States. *Id.* at 2. He last resided in Houston, Texas, where his ex-wife and children still reside. *Id.* at 4.

## II: LEGAL STANDARD

The burden rests with the Government to demonstrate that venue is proper with respect to each count of the complaint. *United States v. Lam Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991). "Venue may be proper in more than one district." *Id.* When prosecuting an offense, the government must prosecute in a district where the offense was committed, unless a statute provides otherwise. *See* Fed. R. Crim. P. 18.

## III: DISCUSSION

Defendant is indicted on acts that took place wholly outside of the District of Columbia. Def.'s Mot. to Dismiss at 3. The only reference to the United States is the allegation that co-defendant, Mr. Guillermo Herrera, possessed money near Woodsboro, Texas, from the sale of cocaine. *Id.* at 3-4. Defendant argues that since no illegal actions are alleged to have occurred in the District of Columbia, and that he was a former resident of Texas, venue is improper in the District of Columbia. Defendant further contends that the only "arguably" applicable venue provisions are 18 U.S.C. §§ 3237(a),[1] 3238. *Id.*

---

[1] The Court agrees with Defendant that 18 U.S.C. § 3237(a) is inapplicable, since no part of a continuing offense is alleged to have taken place in the District of Columbia. *See* Def.'s Mot. to Dismiss at 3-4.

2

The Government "acknowledges that these two provisions establish venue," but argues Defendant's reliance on these provision is "misplaced." Govt.'s Response at 3. The Government relies on 21 U.S.C. § 959(c), the subsection which "establishes venue specifically for the types of offenses outlined in the superseding indictment," as Defendant is charged based on "acts that took place outside the territorial jurisdiction of the United States." *Id.* Venue in the District of Columbia is proper under the plain language of the statute, according to the Government. *Id.* at 4. The Court agrees with the Government, and will deny Defendant's motion.

Title 21, section 959(c) provides, in relevant part, "[a]ny person who violates this section shall be tried in the United States district court at the point of entry where such person enters the United States, *or* in the United States District Court for the District of Columbia." 21 U.S.C. § 959(c) (emphasis added). Title 18, section 3238 details venue for "offenses not committed in any district." 18 U.S.C. § 3238. Section 3238 applies to acts "outside the jurisdiction of any particular State or district," while section 959 applies to acts "outside the territorial jurisdiction of the United States."

Both counts of the superseding indictment allege violations of section 959. The indictment alleges conspiracy to import cocaine and to manufacture and distribute cocaine, intending and knowing that the cocaine will be unlawfully imported into the United States, and specifies particular actions taken in El Salvador, Columbia, and Guatemala. *See* Def.'s Mot. to Dismiss at 1. While these nations are clearly outside the jurisdiction of the District of Columbia and any particular state, they are also outside the territorial jurisdiction of the United States.

As the Fifth Circuit observed, "[t]he venue statutes are not mutually exclusive." *United*

*States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979). Venue may properly vest in more than one place, *Lam Kwong-Wah*, 924 F.2d at 301, particularly when venue is prescribed by statute. Here, where Defendant is accused with two counts of violating a section of the United States Code which is accompanied by its own venue provision, the Court finds that venue is proper in the District of Columbia.

Specifically, section 959(c) states "[t]his section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States." 21 U.S.C. § 959(c). Section 963 criminalizes an attempt or conspiracy "to commit any offense defined in this subchapter." 21 U.S.C. § 963. As Defendant states, "there is no indication that any of the cocaine reached the United States." Def.'s Mot. to Dismiss at 3. Therefore, the substantive violations Defendant is charged with fall squarely within the purview of § 959(c), which gives the Government the option of prosecuting before the District Court in the District of Columbia.

Although Defendant correctly notes that the venue provisions were designed for his safeguard, Def.'s Mot. to Dismiss at 3, he alleges no harm to himself or benefit to the Government due to proceeding in the District of Columbia. Indeed, while Defendant takes the position that the District of Columbia is not the proper venue, he stops short of saying that venue would be proper in Texas, or any other location. *See id.* at 4 ("Accordingly, given that the overt act specifies Texas and that Mr. Martinez last resided in Texas and that this fact was known to the government, venue in the District is improper."). Therefore, the Court finds that the Government has carried its burden to show that venue properly vests in the District of Columbia.

## IV: CONCLUSION

The Government chose to prosecute Defendant for offenses in the District of Columbia,

4

according to venue provisions provided by the chapter of the United States Code which Defendant allegedly violated. Based on the charges and the international alleged actions, the District of Columbia is a proper venue for this case. An Order accompanies this Memorandum Opinion.

Date:   December 17, 2004

                                                            _/s/ Colleen Kollar-Kotelly_
                                                            COLLEEN KOLLAR-KOTELLY
                                                            United States District Judge