## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|
|
**UNITED STATES OF AMERICA**    |
    |    **Crim. Case No.:  05-267 (RMC)**
**v.**    |
    |
**FRANCISCO TORRES-GARCIA**    |
    |
    |

### DEFENDANT TORRES-GARCIA'S SUPPLEMENT TO HIS MOTION TO DISMISS THE INDICTMENT FOR LACK OF VENUE

**COMES NOW DEFENDANT, Francisco Torres-Garcia (hereinafter referred to Mr. Torres-Garcia",** through undersigned counsel, and respectfully submits this supplement to his motion to dismiss the indictment filed against him for lack of venue (hereinafter referred to as "Mr. Torres-Garcia's motion").  A hearing on this matter was held on January 3, 2007.  At that time, the Court afforded Mr. Torres-Garcia until February 13, 2007 to submit any supplemental argument.

### Special Venue Provision of §959(c)

In its opposition to Mr. Torres-Garcia' motion, as well as during the hearing on this matter, the government indicated that it felt that Judge Lamberth's recent opinion in *United States v. Cobar, et al.* (2006 WL 3289267 (D.D.C. November 9, 2006) (05-451 (RCL)) was "flawed".  (Government Opposition at 9.)  Prior to filing its opposition, the government had filed an appeal of the *Cobar* decision with the Court of Appeals (Case No. 06-3176).  Subsequent to the hearing on this matter, however, the government withdrew that appeal.  As a result, the government can no longer argue that it considers Judge Lamberth's reasoning regarding the

inapplicability of the special venue provision of §959(c) to a §963 charge, where the substantive

offense of §959 was not also charged, "flawed".

Further, the government's argument that *Cobar* resulted in a split in this district regarding

the applicability of the special venue provision where a substantive §959 offense has not been

charged is unpersuasive.  To support its "split" argument, the government relies upon a *footnote*

by Judge Roberts.  Clearly, a well-reasoned and lengthy opinion carries more weight than a

footnote.  A "split" regarding this issue, therefore, does not exist in this district.

### The Law of Venue, Generally

Article III §2, clause 3 of the United States Constitution provides:

> The Trial of all Crimes, except in Cases of Impeachment, shall be
> by Jury; and such Trial shall be held in the State where the said
> Crimes shall have been committed; but when not committed within
> any State, the Trial shall be at such Place or Places as the Congress
> may by Law have directed.

The Sixth Amendment to the United States Constitution provides, in pertinent part:

> In all criminal prosecutions, the accused shall enjoy the right to a
> speedy and public trial, by an impartial jury *of the State and
> district wherein the crime shall have been committed*, which
> district shall have been previously ascertained by law……

U.S.C.A. Const. Amend. VI (Emphasis added).  Rule 18 of the Federal Rules of Criminal

Procedure provides:

> Unless a statute or these rules permit otherwise, the government
> must prosecute an offense in a district where the offense was
> committed.  The court must set the place of trial within the district
> with due regard for the convenience of the defendant and the
> witnesses, and the prompt administration of justice.

Venue is a constitutional consideration.  As Justice Ginsburg wrote in *United States v.*

*Cabrales*:

> Proper venue in criminal proceedings was a matter of concern to
> the Nation's founders…The Constitution twice safeguards the
> defendant's venue right…..Rule 18 of the Federal Rules of
> Criminal Procedure…echoes the constitutional commands.

*United States v. Cabrales*, 524 U.S. 1, 6 (1998).  The venue provisions are important safeguards protecting an accused from unfairness and hardship in defending against prosecution by the federal government.  *Travis v. United States*, 364 U.S. 631, 634 (1961); *United States v. Passodelis*, 615 F.2d 975 (3rd Cir. 1980).  Correct venue in criminal cases is a matter of constitutional right and questions of venue are not merely matters of formal legal procedure, but raise deep issues of public policy.  *Holdridge v. United States*, 282 F.2d 302 (8th Cir. 1960).  Venue in criminal cases involves far more than mere procedural niceties and is a matter *of constitutional import*.  *United States v. Partin*. 320 F.Supp 275 (E.D.La. 1970) (Emphasis added).

The Supreme Court has recognized the occurrence of the appearance of abuse, if not actual abuse, in the selection of what may be deemed a tribunal favorable to the prosecution, and that such appearance of abuse could undermine the constitutional safeguards regarding venue.  *United States v. Johnson,* 323 U.S. 273 (1944).  The Court, therefore, adopted a restrictive construction of venue provisions.  *Id.*  "Venue provisions in Acts of Congress should not be so freely construed as to give the Government the choice of a 'tribunal favorable' to it."  *United States v. Cores,* 356 U.S. 405, 407 (1958).

"Congress enacted 18 U.S.C. §3238 …to specify the applicable venue when a crime is committed outside the United States."  *United States v. Yousef*, 327 F.3d 56, 114 (2nd Cir. 2003).  *See also, United States v. Cobar, 2006* WL 3289267 at p. 5 (D.D.C. 2006) (Slip Copy) (§3238 "governs crimes committed outside of any district in the United States.")  18 U.S.C. §3238 provides, in pertinent part:

> The trial of all offenses begun or committed ….out of the
> jurisdiction of any particular State or district, shall be in the district
> in which the offender…is arrested or first brought; but if such
> offender or offenders are not so arrested or brought into any
> district, an indictment…may be filed in the district of the last
> known residence of…any one of two of more joint offenders, or if
> no such residence is known…in the District of Colombia.

If an offense is partially committed in a district in the United States, however, §3238 does not apply. *United States v. Pace*, 314 F.3d 344 (9th Cir. 2002); *United States v. Goldberg,* 830 F.2d 459, 465 (3rd Cir. 1987).

In order to determine proper venue of a criminal offense, "the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946). To determine the "nature of the crime", we look to the "essential conduct elements" of the offense. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999).

Establishing the locus for the trial of a crime is often quite complex. For that reason, Congress often inserts a venue provision in a criminal statute to provide a method for determining venue. *United States v. Reed,* 773 F.2d 477, 480 (2nd Cir. 1985). It enacted such a specific venue provision regarding the substantive offense of money laundering. 18 U.S.C. §1956(i) provides, in pertinent part:

> (i) Venue.—(1) Except as provided in paragraph (2), a prosecution
> for an offense under this section…may be brought in--
>
> (A) any district in which the financial or monetary transaction is
> conducted; or
> (B) any district where a prosecution for the underlying specified
> unlawful activity could be brought, if the defendant
> participated in the transfer of the proceeds of the specified
> unlawful activity from that district to the district where the
> financial or monetary transaction is conducted.

>(2) A prosecution for…conspiracy offense under this section…may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.
>
>(3) For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction.  Any person who conducts…any portion of the transaction may be charged in any district in which the transaction takes place.

"Where…a defendant is charged with conspiracy as well as substantive offenses, venue must be laid in a district where all the counts may be tried.  Thus, the venue potential in a conspiracy case for the prosecutor to choose from is narrowed by the substantive counts the government wishes to prosecute."  *United States v. Saavedra,* 223 F. 3d 85, 89 (2nd Cir. 2000). *See also,* Norman Abrams, *Conspiracy and Multi-Venue in Federal Criminal Prosecutions:  The Crime Committed Formula,* 9 UCLA L.Rev. 751, 774 (1962).

When considering whether venue is proper in a certain district over another, it is necessary to analyze whether the alleged criminal activities bear "substantial contacts" to any given venue.  *United States v. Reed,* 773 F.2d 477, 481 (2nd Cir. 1985).  Doing so ensures that the policies and considerations underlying the Constitution's commands regarding venue have been preserved.  *See Saavedra, supra.*   The *Saavedra* court further stated:

>The "substantial contacts" rule offers guidance on how to determine whether the location of a venue is constitutional, especially in those cases where the defendant's acts did not take place within the district selected as the venue for trial. While it does not represent a formal constitutional test, *Reed* is helpful in determining whether a chosen venue is unfair or prejudicial to a defendant.  This test takes into account four main factors:  (1) the site of the crime, (2) its elements and nature, (3) the place where the effect of the criminal conduct occurs, and (4) the suitability of the venue chosen for accurate factfinding.

## Venue:  "Constitutional Import" v. "Political Interoffice Laundry"[1]

In the Indictment filed by the government with this Court, Mr. Torres-Garcia is charged with two counts, both of which are alleged to have occurred in the *United States* and elsewhere: (1) conspiracy to violate 21 U.S.C. §959 in violation of 21 U.S.C. §§960, 963 as well as aiding and abetting in violation of 18 U.S.C. §2; and (2) conspiracy in violation of 18 U.S.C. §1956, substantive violation of 18 U.S.C. §1956 and aiding and abetting in violation of 18 U.S.C. §2. As the government clearly cannot predicate venue in this district upon the special venue provisions of 21 U.S.C. §959(c), it is left with its 18 U.S.C. §3238 venue argument. Unfortunately for the government, that argument, if applied, would violate Mr. Torres-Garcia's constitutional rights.

It should be noted for the record that the government's arguments appear to contradict one another.  On one hand, the government requested that the Court take a leap and apply the special venue provision of §959(C) (even though Mr. Torres-Garcia had not been charged with a substantive violation of §959), essentially asserting that special venue provisions take precedence over all others.  On the other, it asked the Court to essentially ignore the special venue provision of §1956, and instead invoke venue under §3238.

During the hearing of this matter, the Court inquired into the various indictments filed against Mr. Torres-Garcia in each of the various districts.  Each of the indictments is predicated upon the same facts.  By way of explanation, Mr. Stiglitz informed the Court that the only answer he could give was a "political interagency [sic] answer".[2]  In addition, he explained, "one of the costs of bringing other divisions of an agency into a case is that at the end of the day

---

[1] January 3, 2007 Transcript at 38:18.
[2] January 3, 2007 Transcript at 24:8-12.

6

everybody gets a piece of the case. I'll just leave it at that."[3] Later, after providing the proffer

discussed below, Mr. Stiglitz offered, ""I don't want to air out too much of a [sic] political

interoffice laundry, but there were reasons…that doesn't necessarily have anything to do with the

legal arguments that are being proposed today. So the Court is pragmatic enough to understand

these realities that we all have to deal with."[4] As set forth above, venue is a matter of

constitutional import. Quite clearly, the government is not motivated by constitutional

considerations. Rather, it is motivated by everyone getting a piece of the pie.

    Mr. Torres-Garcia set forth, in great detail, the facts stated by the government in an

affidavit filed in support of its case in the Northern District of Illinois in his previous motion.

That affidavit makes it clear that overt acts in furtherance of both of the alleged conspiracies took

place in the States of Illinois and Texas. In addition, the affidavit sets forth the alleged acts that

gave rise to Mr. Torres-Garcia's substantive money laundering charges.

    In an effort to bolster its §3238 argument, the government offered an additional proffer at

the hearing of this matter. In that proffer, the government stated that there were allegedly

meetings in Mexico and Panama in which Mr. Torres-Garcia participated and telephone

conversations placed from Mexico into the United States. The government further stated that a

telephone call placed by Mr. Torres-Garcia on March 22, 2005 from Mexico to a DEA

undercover agent in the United States was the "genesis of the money laundering".[5] If that is true,

it does not comport with the Indictment filed by the government, which alleges that the money

laundering charges began on or about October 27, 2004. For the purposes of our venue

discussion, however, whether the genesis of any alleged money laundering occurred on or before

March 22, 2005 doesn't really matter because §1956 has its own special venue provision, and the

---

[3] January 3, 2007 Transcript at 24:14-17.
[4] January 3, 2007 Transcript at 38:17-24.
[5] January 3, 2007 Transcript at 36:20 – 38:16.

7

genesis of those money laundering charges is of no import to that consideration.  That special

venue provision, as well as the law set forth above regarding venue, lead to only one conclusion:

venue for the charges filed against Mr. Torres-Garcia does not properly lie in the District of

Columbia.

§1956(i) very clearly states that venue for a substantive violation of §1956, as it would

apply in this case, lies in any district in which the financial transaction is conducted.  In addition,

it sets forth that venue for a conspiracy to violate §1956 lies in the district where venue would lie

for the completed offense, or in a district where an act in furtherance of the conspiracy took

place.  The *Saavedra* court held, where a defendant is charged with both conspiracy and

substantive counts, "venue must be laid in a district where all the counts may be tried."

*Saavedra, supra* at 89.  Both the affidavit of the Northern District of Illinois case, as well as the

"proffer" made by the government at the January 3, 2007 hearing, make it clear that the alleged

money laundering occurred in Chicago.  As a result, the only proper venue for the money

laundering charges against Mr. Torres-Garcia is the Northern District of Illinois.

As set forth above, §3238 only applies where no overt act in furtherance of the alleged

conspiracy occurred in the United States.  *See Pace, supra.*  In support of its §3238 argument, the

government relied heavily upon the holding of *United States v. Gurr,* 471 F.3d 144 (D.C. Cir.

2006).  The facts of *Gurr* are very clearly distinguishable to Mr. Torres-Garcia's case.  In *Gurr,*

no activity in the United States was alleged against the defendant.  All pertinent activity was

alleged to have occurred outside the United States.  The alleged facts that the government asserts

give rise to the narcotics conspiracy charge against Mr. Torres-Garcia, by contrast, occurred in

the United States and elsewhere.

According to the government, Mr. Torres-Garcia orchestrated a conspiracy to manufacture or distribute narcotics with knowledge and/or intent that such narcotics would be imported into the United States through telephone calls placed to Chicago (and presumably, Texas), direction of co-conspirators in Illinois and Texas regarding activities occurring in those States, and, presumably, somehow actually transporting, and/or agreeing to transport, narcotics to Texas.  Those facts, when applied to the "substantial contacts" rule set forth in *Reed, supra,* and the *locus delicti* test set forth in *Anderson, supra,* establish that venue may properly lie in the Northern District of Illinois, or even, perhaps, in the appropriate district in Texas, but not in the District of Columbia.

Alleged criminal acts occurred in Illinois and Texas.  Witnesses are, presumably, located in Illinois and Texas.  Illinois and Texas are the *locus delicti* of the charges against Mr. Torres-Garcia and have the "substantial contacts" in this case.  Yet the government chose to bring its case here, in the District of Columbia.  Clearly, the District of Columbia was merely a forum that the government, for whatever reason, felt would be favorable for its prosecution of Mr. Torres-Garcia.

While Mr. Torres-Garcia acknowledges that the government's decision to charge him in the Northern District of Illinois and the District of Columbia with different crimes arising from the same set of facts is messy, he did not create that mess.  The government, in its attempt to give everyone a piece of the pie, did.  The interagency politics and forum shopping of the United States government do not, and must not, overshadow constitutional considerations.  Mr. Torres-Garcia has a constitutional right to be tried in the proper venue.  This Court is clearly not that venue.  The Indictment filed against Mr. Torres-Garcia in this Court, therefore, must be dismissed.

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

**By:** _____**/s/**_____
        Manuel J. Retureta, Esq.
        District of Columbia Bar #430006
        601 Pennsylvania Avenue, NW
        South Building – Suite 900
        Washington, D.C.  20004
        (202) 220-3073
        (202) 220-3130 Fax

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF on this 13th day of February 2007.

_____**/s/**_____
Manuel J. Retureta, Esq.