UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 05-267 (RMC) |
| | : | |
| FRANCISCO TORRES-GARCIA | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR TRANSFER OF DETENTION

The United States of America, by and through Matthew Stiglitz, Trial Attorney, U.S. Department of Justice, Criminal Division, Narcotic and Dangerous Drug Section, hereby opposes the defendant's motion for an order transferring his detention from the D.C. Jail to the Correctional Treatment Facility (CTF), and in support of which states the following:

The defendant is currently held without bond pending trial, which is scheduled for August 6, 2007. Given the defendant's immigration status, the nature of the charges, the potential sentence he is facing and other considerations, he has been classified as a maximum security inmate by the Department of Corrections.

On February 11, 2007, the defendant filed his motion for transfer, citing the burdensome nature of his incarceration at the D.C. Jail, and the ability of inmates at CTF to receive "contact visits" with family members.[1]

For reasons set out by Maria Amato, General Counsel for the District of Columbia Department of Corrections in the attached letter, the government believes that inmate classification and placement decisions are appropriately made by those in the best position to determine the

---

[1] The defendant briefly raises and then all but dismisses the prospect of increased opportunity for work detail. As set out below there would be no such opportunity at the CTF.

welfare and security needs of the inmate, the inmate population as a whole, the staff of the facility and the public. For the Court to order placement contrary to the determination of the Department of Corrections would be an inappropriate intrusion on the operation of the facility and its decision-making process.

The CTF facility handles inmates classified at medium security or lower. In practice it does not accept maximum security inmates unless special circumstances arise, such as the need for separation of inmates that cannot be handled within the D.C. Jail. According to John Caulfield, Warden of CTF, even if CTF were to take a maximum security inmate such as the defendant, that inmate would be placed in a segregation unit, in which he would be locked down 23 hours a day, with no contact visitation privileges and no work privileges.[2] Ironically, the transfer of the defendant to CTF would have the effect of making his incarceration more burdensome than it already is.

While the government appreciates the defendant's desire for contact visits, it believes that the Department of Corrections has the experience and knowledge to make objective placement decisions that are in everyone's best interest. Further, given that the defendant's desire is likely shared by virtually all inmates, to single him out for transfer would do a disservice to others with equal burdens.

---

[2] At the present time the segregation unit is filled to capacity, and so CTF cannot accept maximum security inmates in any event at the moment.

For the reasons stated above, the government respectfully requests that this Court deny the defendant's motion for transfer.

> Respectfully submitted,
> Kenneth A. Blanco, Chief
> Narcotic and Dangerous Drug Section
>
> __*Matthew Stiglitz*_____
> Matthew R. Stiglitz
> Paul Laymon
> Trial Attorneys
> U.S. Department of Justice
> Narcotic and Dangerous Drug Section
> 1400 New York Avenue, N.W. #800
> Washington, D.C. 20530
> (202) 305-3646
> (202) 514-0483 (Fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2007, a copy of the foregoing opposition was filed electronically with the Court, which will forward a copy to Manuel Retureda, Esq., counsel for the defendant.

> __*Matthew Stiglitz*_____
> Matthew R. Stiglitz