UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. NO. 05-267 (RMC) |
| ) | |
| FRANCISCO TORRES-GARCIA ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT TORRES-GARCIA'S SUPPLEMENT TO MOTION TO DISMISS THE INDICTMENT FOR LACK OF VENUE**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby responds to and opposes defendant Francisco Torres-Garcia's ("Torres") supplement to his motion to dismiss the indictment for lack of venue. Torres argues that the Government cannot challenge the legal reasoning in *United States v. Cobar*, 2006 WL 3289267 (D. D.C. Nov. 9, 2006) because the Government opted not to appeal that decision. Supp. Mot. at 1-2. Torres also revisits the arguments made in his initial motion regarding the propriety of venue under 21 U.S.C. § 959(c). For the first time, Torres also argues in detail that venue in this district is improper for the money laundering count. Supp. Mot. at 6-9.

**ARGUMENT**

**I.      The Government is Not Estopped from Challenging the Correctness of *Cobar***

To begin, Torres argues that, because the Government withdrew its appeal in *Cobar*, it is precluded from arguing that the case was wrongly decided. Supp. Mot. at 1-2. Torres is incorrect, as highlighted by the absence of any supporting legal citation. A district court's decision has no precedential value. *In re Executive Office of the President*, 215 F.3d 20, 24

(D.C. Cir.2000) ( "District Court decisions do not establish the law of the circuit, nor, indeed, do they even establish the law of the district.") (internal quotations omitted).  Thus, until the D.C. Circuit rules on this issue, the Government can continue to argue that courts in this district should decline to follow *Cobar*, a non-binding decision, and should instead follow *United States v. Mejia*, 2002 WL 33929076 at *3 n.3 (D. D.C. 2002), which is consistent with the Government's argument in the instant case.  Moreover, Torres's argument runs counter to the well-established principle that the Government cannot be estopped from litigating "a constitutional issue that had been decided in a prior litigation against a different party." *Holland v. National Mining Ass'n*, 309 F.3d 808, 815 (D.C. Cir. 2002) (citing *United States v. Mendoza*, 464 U.S. 154, 160 (1984)).  Thus, the Government can, and does, continue to question the persuasiveness of Judge Lamberth's non-binding decision in *Cobar*.

II.     **Torres Does Not Have a Constitutional Venue Claim as He Committed the Crime Outside the United States**

In sum, Torres argues that a non-resident foreign national whose criminal conduct occurred outside the United States has a constitutional right to select his venue.  Supp. Mot. at 3-6.  Nothing in *Cobar* supports that conclusion; indeed, that decision undermines Torres's claim. The constitutional argument in Cobar rests solely on the fact that Cobar was a resident of the United States who committed all of his criminal activity *within* the United States.  Because Cobar entered the conspiracy while in the United States, and the conspiracy was the only charged crime, Judge Lamberth concluded that the crime occurred in Las Vegas.  *Cobar*, *supra* at * 2,4.   Under this analysis, Torres, who was residing abroad when he entered into the conspiratorial agreement, has committed an extraterritorial crime that is exempted from Article I, § 2, clause 3 of the

Constitution.

This conclusion is supported by Judge Lamberth's decision regarding Cobar's co-defendant, Gonzales-Largo, who committed all of his criminal activity *outside* the United States. Notably, Judge Lamberth did not conduct the same constitutional analysis with respect to Gonzales-Largo; rather, he dismissed the indictment against Gonzales-Largo based on an interpretation of 18 U.S.C.§ 3238, *Cobar*, *supra* at * 5, an interpretation which the D.C. Circuit has recently rejected in a different case. *United States v. Gurr*, 471 F.3d 144, 155 (D.C. Cir. 2006). In the instant case, Torres is situated similarly to Gonzales-Largo, not Cobar, thus he has no Constitutional right to mandate venue, even under *Cobar*.[1]

Nor do any of the cases cited in Torres's motion stand for the proposition that a foreign defendant who committed criminal activity primarily outside the United States has a constitutional right to select his venue. The cited cases stand for two well-established principles: (1) a court should look to the nature of the crime to determine venue (*see, e.g.*, *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999)); and (2) in *domestic* conspiracy cases, venue may lie in multiple fora where elements of the crime or overt acts occurred (*see, e.g. Hyde v. United States*, 225 U.S. 347, 360 (1912); *Hyde v. Shine*, 199 U.S. 62 (1905)).

Rather than assist Torres, these cases ultimately support the Government's interpretation. Despite the presence of overt acts by some of Torres's associates, the nature of his charged crime is extraterritorial: Torres conspired outside the United States to distribute a controlled substance *outside the United States*, knowing or intending that it be destined for the United States. 21

---

[1] The Government continues to challenge the reasoning in this decision for the reasons stated in its original opposition. Having briefed and argued that issue, there is no need to revisit the issue in detail herein.

U.S.C. § 959. The fact that Torres's associates committed overt acts in the United States does not make the conspiracy domestic.

Moreover, the Government submits that applying these domestic cases without considering the extraterritorial nature of the facts and the crime glosses over the unique legal issue in this case. As the Constitution and its commentaries make clear, Congress has broad authority to criminalize extraterritorial activity and to fix venue. U.S. Const. Art. I, § 2, cl. 3; *Cook v. United States*, 138 U.S. 157, 182 (1891) (citing Justice Story, 2 Story, Const. § 1781). Applying domestic cases without more eviscerates this long-standing authority.

In any event, the domestic conspiracy cases cited by Torres ultimately stand for the general proposition that venue can lie in multiple fora. The Supreme Court has indicated that some cases will properly be brought in the District of Columbia even if venue is possible elsewhere. *Shine*, 199 U.S. at 78 ("we do not wish to be understood as approving the practice of indicting citizens of distant states in the courts of this District [of Columbia], where an indictment will lie in the state of the domicil of such person, unless in exceptional cases where the circumstances seem to demand that this course shall be taken."). Given the special nature of § 959(c), including its specific venue "Extraterritorial conspiracies to violate § 959 should be prosecutable under § 963 in at least the same venues in which prosecutions for the underlying substantive could be maintained." *Mejia*, 2002 WL 33929076 at *3 n.3.

**III.    Venue for the Drug Conspiracy is Appropriate Under 18 U.S.C. § 3238**

Independent of the Government's § 959 argument, venue for the drug trafficking conspiracy is appropriate in this district under 18 U.S.C. § 3238. Torres persists in his assertion that "[i]f an offense is partially committed in a district in the United States *** § 3238 does not

apply." Supp. Mot. at 4. Again, for the reasons outlined in the Government's initial opposition, this is incorrect. *See* Gvt. Opp. at 15-18 (neither the plain language nor the case law supports the conclusion that § 3238 applies only to conspiracies committed wholly outside the United States). The cases relied upon by Torres, *United States v. Pace*, 314 F.3d 344 (9th Cir. 2002) and *United States v. Goldberg*, 830 F.2d 459, 465 (3d Cir. 1987), do not mandate a different result.

First, in *Pace*, a wire-fraud case, the Ninth Circuit did not, as Torres claims, hold that § 3238 applied only to cases that occurred wholly overseas. Rather, the Court held that § 3238 applies either when the crime occurred wholly outside the United States or "the offense was 'begun' there." *Pace*, 314 F.3d at 351.[2] In the instant case, Torres was overseas when he entered into the conspiracy, the methamphetamine was produced in Mexico, the cocaine was transshipped through Mexico, and he directed his cohorts from outside the United States. Thus, under *Pace*, § 3238 supports venue. Second, *Goldberg* never mentions § 3238, but focuses solely on § 3237. It therefore provides no support for Torres's assertion.

These cases also rebut Torres's claim that the Government is improperly manipulating venue based on inter-agency politics. Supp. Mot. at 6-7. When venue is appropriate in multiple fora, the Government is well within its discretion to choose one or more districts in which to prosecute the case. *See United States v. Smith*, 452 F.3d 332, 334 (4th Cir. 2006) ("venue rules do not require the government to prosecute in any particular district when venue lies in multiple locations"); *United States v. Bowens*, 224 F.3d 302, 309 (4th Cir. 2000) (holding venue proper in

---

[2] *Pace* is also distinguishable because it was a wire-fraud case and, as the Ninth Circuit noted, the "'gist and crux' of the offense is the misuse of wires." *Pace*, 314 F.3d at 351. In a wire fraud case, venue is appropriate where the wires were used or caused to be used, which is an element of the case. This, of course, is very different from a drug conspiracy, which does not require the commission of any overt acts as an element of the crime.

Eastern District of Virginia notwithstanding that many of the events related to the drug conspiracy occurred outside Virginia); *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979) ("The venue statutes are not mutually exclusive, and a suggestion that venue is proper under § 3237(a) will not serve to divest venue from another judicial district if venue is proper in that district under § 3238.").

**IV.    Venue for Money Laundering**

For the first time, Torres squarely addresses 18 U.S.C. § 1956 and venue for the money laundering offense, an issue he mentioned only generically in his original motion to dismiss. Def. Mot. to Dismiss at 17-18. Thus, contrary to Torres's claim, the Government has made no contradictory argument, because the Government's original opposition focused on Torres's arguments regarding venue for the drug trafficking conspiracy. The Government concedes, as it has previously done to Torres's counsel, that there is no venue for the money laundering charge in this district.[3] This concession is in no way inconsistent with the Government's position that venue for the drug trafficking conspiracy is appropriate either under 21 U.S.C. § 959(c) or 18 U.S.C. §3238. The money laundering venue turns on the specific venue provision in 18 U.S.C. § 1956(i) and the particular facts of this case. But for that particular provision and the specific facts of this case, 18 U.S.C. § 3238 would support venue for the money laundering conspiracy charge.

---

[3] Prior to the filing of the motion to dismiss, Government counsel acknowledged to Torres's counsel that there was no venue for the money laundering. Government counsel suggested that Torres might want to move to dismiss venue for the drug trafficking charge and, if unsuccessful, waive venue on the money laundering charge in order to consolidate the two charges. Accordingly, the Government responded to the arguments briefed in Torres's motion to dismiss – venue for the drug trafficking conspiracy.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that venue for the conspiracy to violate 21 U.S.C. § 959 is proper in the District of Columbia given the extraterritorial nature of the object of the conspiracy and § 959's specific venue provision. Additionally, venue in this Court is appropriate for the drug conspiracy under 18 U.S.C. § 3238, which applies to offenses commenced or committed overseas. Because Torres conspired to import drugs into the United States while outside the United States and because he was indicted prospectively in the District of Columbia, § 3238 establishes venue in this Court.

The Government concedes that, given the special venue provision in 18 U.S.C. § 1956 and the specific facts of this case, venue over the money laundering charge does not lie in this district, absent a waiver by Torres.

Respectfully submitted, this 23rd day of February, 2007.

        Kenneth A. Blanco, Chief
        Narcotic and Dangerous Drug Section

        Matthew Stiglitz
        Trial Attorney

        */s/ Teresa A. Wallbaum*
        Teresa A. Wallbaum
        Appellate Counsel
        U.S. Department of Justice
        Criminal Division
        Narcotic and Dangerous Drug Section
        (202) 616-5193

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 23rd day of February, 2007, a copy of the foregoing Government's Response to Defendant Torres-Garcia's Supplement to Motion to Dismiss the Indictment for Lack of Venue was served electronically upon counsel of record.

_/s/ Teresa A. Wallbaum_____
Teresa A. Wallbaum