UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-267 |
| v. | : | GRAND JURY ORIGINAL |
| FRANCISCO TORRES-GARCIA, a/k/a "Pancho" a/k/a "Paco" Defendant. | : | VIOLATIONS: 21 U.S.C. §§ 963, 952, 959, 960 (Conspiracy to (1) Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States, and (2) Import into the United States Five Kilograms or More of Cocaine) |
| | : | 21 U.S.C. §§ 963, 952, 959, 960 (Conspiracy to (1) Manufacture and Distribute 500 Grams or More of Methamphetamine Intending and Knowing that the Methamphetamine Will Be Unlawfully Imported into the United States, and (2) Import into the United States 500 Grams or More of Methamphetamine) |
| | : | 21 U.S.C. §§ 959, 960 (Manufacture and Distribution of 500 Grams or More of Methamphetamine Intending or Knowing that the Methamphetamine Will Be Unlawfully Imported into the United States) |
| | : | 21 U.S.C. §§ 952, 960 (Importation of 500 Grams or More of Methamphetamine into the United States) |
| | : | 18 U.S.C. § 1956 (Conspiracy to Launder Monetary Instruments) |
| | : | 18 U.S.C. § 2 (Aiding and Abetting) |

COLLYER, J. RMC

B

SUPERSEDING

FILED IN OPEN COURT

JUN 13 2007

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

: **18 U.S.C. §§ 853, 982**
: **(Notice of Forfeiture)**

## SUPERCEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

From on or about January 2003, the exact date being unknown to the Grand Jury, and continuing thereafter up to August 7, 2005, in Mexico, Panama, the United States and elsewhere, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco" did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the Grand Jury, including with co-conspirators not indicted herein, to: (1) knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States; and (2) knowingly and intentionally import into the United States, from a place outside thereof, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952, 959 and 960. All in violation of Title 21, United States Code, Sections 963, 960(a), 960 (b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### COUNT TWO

From on or about January 2004 , the exact date being unknown to the Grand Jury, and continuing thereafter up to August 7, 2005, in Mexico, Panama, the United States and elsewhere, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco" did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to

2

the Grand Jury, including with co-conspirators not indicted herein, to: (1) knowingly and intentionally manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States; and (2) knowingly and intentionally import into the United States, from a place outside thereof, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952, 959 and 960. All in violation of Title 21, United States Code, Sections 963, 960(a), 960 (b)(1)(H) and Title 18, United States Code, Section 2.

## COUNT THREE

Between on or about April 2005 and July 4, 2005, the exact date being unknown to the Grand Jury, in the country of Mexico, and elsewhere, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to wit, approximately 3.97 kilograms of a mixture and substance containing a detectable amount of methamphetamine hidden in a vehicle battery, intending and knowing that such mixture and substance would be unlawfully imported into the United States, in violation of Title 21, United States Code Sections 959 and 960, and Title 18, United States Code, Section 2.

## COUNT FOUR

Between on or about April 2005 and July 4, 2005, the exact date being unknown to the Grand Jury, from the country of Mexico, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly import into the United States 500

3

grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to wit, approximately 3.97 kilograms of a mixture and substance containing a detectable amount of methamphetamine hidden in a vehicle battery, in violation of Title 21, United States Code Sections 952 and 960, and Title 18, United States Code, Section 2.

## COUNT FIVE

Between on or about April 2005 and July 4, 2005, the exact date being unknown to the Grand Jury, in the country of Mexico, and elsewhere, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to wit, approximately 3.95 kilograms of a mixture and substance containing a detectable amount of methamphetamine hidden in a vehicle battery, intending and knowing that such mixture and substance would be unlawfully imported into the United States, in violation of Title 21, United States Code Sections 959 and 960, and Title 18, United States Code, Section 2.

## COUNT SIX

Between on or about April 2005 and July 4, 2005, the exact date being unknown to the Grand Jury, from the country of Mexico, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly import into the United States 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to wit, approximately 3.95 kilograms of a mixture and substance containing a detectable amount of methamphetamine hidden in a vehicle battery, in violation of Title 21, United States Code Sections 952 and 960, and Title 18, United States Code,

Section 2.

## COUNT SEVEN

Between on or about April 2005 and July 4, 2005, the exact date being unknown to the Grand Jury, in the country of Mexico, and elsewhere, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to wit, approximately 3.994 kilograms of a mixture and substance containing a detectable amount of methamphetamine hidden in a vehicle battery, intending and knowing that such mixture and substance would be unlawfully imported into the United States, in violation of Title 21, United States Code Sections 959 and 960, and Title 18, United States Code, Section 2.

## COUNT EIGHT

Between on or about April 2005 and July 4, 2005, the exact date being unknown to the Grand Jury, from the country of Mexico, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly import into the United States 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to wit, approximately 3.994 kilograms of a mixture and substance containing a detectable amount of methamphetamine hidden in a vehicle battery, in violation of Title 21, United States Code Sections 952 and 960, and Title 18, United States Code, Section 2.

## COUNT NINE

Between on or about April 2005 and July 4, 2005, the exact date being unknown to the Grand Jury, in the country of Mexico, and elsewhere, the defendant, **FRANCISCO TORRES-**

GARCIA, a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to wit, approximately 3.993 kilograms of a mixture and substance containing a detectable amount of methamphetamine hidden in a vehicle battery, intending and knowing that such mixture and substance would be unlawfully imported into the United States, in violation of Title 21, United States Code Sections 959 and 960, and Title 18, United States Code, Section 2.

### COUNT TEN

Between on or about April 2005 and July 4, 2005, the exact date being unknown to the Grand Jury, from the country of Mexico, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly import into the United States 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to wit, approximately 3.993 kilograms of a mixture and substance containing a detectable amount of methamphetamine hidden in a vehicle battery, in violation of Title 21, United States Code Sections 952 and 960, and Title 18, United States Code, Section 2.

### COUNT ELEVEN

On or about July 5, 2005, in the country of Mexico, and elsewhere, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, intending and knowing that such mixture and substance would be unlawfully imported into the United States, in violation of Title 21, United States Code Sections 959 and 960, and Title 18, United States

Code, Section 2.

## COUNT TWELVE

On or about July 5, 2005, from the country of Mexico, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco", did intentionally and knowingly import into the United States 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code Sections 952 and 960, and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

From, on or about October 27, 2004 and continuing thereafter up to ~~and including the date of the filing of this Indictment~~ [between] [August 7, 2005 RLG], in Mexico, Panama, the Republic of Colombia, the United States and elsewhere, the defendant, **FRANCISCO TORRES-GARCIA,** a/k/a "Pancho," a/k/a "Paco" did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the Grand Jury, including with co-conspirators not indicted herein, to do the following:

(1) transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, (a) with the intent to promote the carrying on of specified unlawful activity, and (b) knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represent the proceeds of some form of unlawful activity and knowing that such transformation, transmission and transfer is designed in whole or in part to (i) conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and (ii) to avoid a transaction reporting requirement under State or Federal law; and,

(2) with the intent to: (a) promote the carrying on of specified unlawful activity; (b) conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity; and (c) avoid a transaction reporting requirement, conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity and property used to conduct or facilitate unlawful activity;

in violation of Title 18, United States Code, Section 1956 (a)(2) and 1956 (a)(3).

All in violation of Title 18, United States Code, Sections 1956 (h), 1956 (a)(2) and 1956 (a)(3), and Title 18, United States Code, Section 2.

### NOTICE OF FORFEITURE

**(Pertaining to Counts 1-12)**

1.  The allegation of Counts 1-12 of this indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2.  As a result of the offenses alleged in Counts 1-12, the defendant, **FRANCISCO TORRES-GARCIA** a/k/a "Pancho," a/k/a "Paco" shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts 1-12 of this indictment.

3.  If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

## NOTICE OF FORFEITURE
### (Pertaining to Count 13)

1. The allegation of Count 13 of this indictment is realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2. As a result of the offenses alleged in Count 13, the defendant, **FRANCISCO TORRES-GARCIA** a/k/a "Pancho," a/k/a "Paco" shall forfeit to the United States pursuant to Title 18, United States Code, Section 982:

a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Sections 1956(h) and 1956(a) for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction in violation of Sections 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the

commission of those violations.

b. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in accordance with Title 18, United States Code, Section 982(a)(1) and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL:

_____
FOREPERSON

_____
Kenneth A. Blanco, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

Matthew Stiglitz, Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
(202) 305-3646