UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.: 05-267 (RMC) |
| FRANCISCO TORRES GARCIA | |

### DEFENDANT TORRES GARCIA'S MOTION FOR EARLY DISCLOSURE OF *JENCKS & GIGLIO* MATERIAL AND PRODUCTION OF WITNESS AND EXHIBIT LIST

**COMES NOW DEFENDANT, Francisco Torres Garcia** (hereinafter referred to as "Mr. Torres Garcia"), by and through undersigned counsel, and respectfully asks this Court for an order requiring the early disclosure of *Jencks & Giglio* material as well as the production of a government witness and exhibit list. Defendant argues that production of this material will assure his Fifth and Sixth Amendment rights to due process and right to confrontation. Additionally, the production will allow for the smooth presentation of evidence and avoid unnecessary delay before a jury.

Trial in this case will involve witnesses from the United Mexican States, Republic of Colombia, Republic of Panama, as well as the states of Illinois and Texas. Due to the international component to this case, the witnesses may be presently unknown to the defense. Defense counsel has no way of preparing an effective cross-examination of such unknown witnesses. Effective confrontation requires fair notice as to the witnesses' identity, including their national identification cards (cedullas) and a short resume of their claimed connection to the case. The defense request will also avoid the need for a trial continuance since investigation of such witnesses could require the need to investigate internationally.

1

Fed. R. Crim. Proc. 26.2(a) provides that *Jencks* statements need only be disclosed after the direct testimony of the witness. Rule 26.2(d), however, provides that the Court may recess the proceedings to allow counsel time to prepare for use of the statement in cross-examination. The length of the recess under subsection (d) is a matter for the Court's discretion; but the exercise of that discretion is guided by the circumstances of the particular case. Here the circumstances are unique, especially if the government intends to call a host of unknown individuals who have probably received benefits by a foreign government, and perhaps by the United States.

Defendant submits that the Court has discretion in the interests of justice to order the government to disclose this information well in advance of trial. In *United States v. Karake*, Cr. No. 02-256 (ESH), Judge Huvelle recently ordered the government to disclose the list of its Rwandan witnesses over two-months before the recent suppression hearing.

**WHEREFORE,** Mr. Torres Garcia argues that both due process and the right of confrontation require that he have a fair opportunity to notice in this case and a fair opportunity to investigate and prepare to cross-examine witnesses from a foreign country and those unknown to the defense. An advance period of one-month prior to the scheduled trial date is respectfully requested.

        Respectfully submitted,

        **RETURETA & WASSEM, P.L.L.C.**

**By:** _____/s/_____
        Manuel J. Retureta, Esq.
        District of Columbia Bar #430006
        601 Pennsylvania Avenue, NW
        South Building – Suite 900
        Washington, D.C. 20004
        (202) 220-3073
        (202) 220-3130 Fax

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF on this 27th day of January 2008.

                                                                                       /s/
                                            Manuel J. Retureta, Esq.