UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.:  05-267 (RMC) |
| FRANCISCO TORRES GARCIA | |

**DEFENDANT TORRES GARCIA'S RENEWS HIS MOTION FOR RECONSIDERATION & MEMORANDUM OF POINTS AND AUTHORITIES**

**COMES NOW DEFENDANT, Francisco Torres Garcia** (hereinafter referred to as "Mr. Torres Garcia"), by and through undersigned counsel, and respectfully renews his still-outstanding motion for reconsideration [ECF No. 36] of this Court's denial [ECF No. 35] of the previously filed Motion to Dismiss the Indictment for Lack of Venue [ECF No. 18] and Motion to Dismiss the Indictment for Lack of Jurisdiction [ECF No. 22].[1]

On April 24, 2007, this Court issued an Order and Memorandum Opinion denying Mr. Torres Garcia's motions [ECF Nos. 34 and 35]. In its Memorandum Opinion, the Court set forth its reasons for denying Mr. Torres Garcia's pleadings and conducted an analysis of both jurisdiction and venue in Mr. Torres Garcia's case. With regard to venue, the Court analyzed 21 U.S.C. §§959(c) and 963 (hereinafter referred to as "§959(c)" and "§963" respectively) as well as 18 U.S.C. §3238 (hereinafter referred to as "§3238"). As the Court correctly noted in the "Background Facts" section of its Memorandum Opinion, Mr. Torres Garcia has been charged in Count 2 (now Count 13 of current superseding indictment) of the indictment with violation of

---

[1] Mr. Torres-Garcia incorporates, by reference, any and all arguments previously set forth in his Motion to Dismiss the Indictment for Lack of Venue, Motion to Dismiss the Indictment for Lack of Jurisdiction and Supplemental Memorandum in Support of his Motion to Dismiss for Lack of Venue, as well as all arguments made before this Court at the January 3, 2007 hearing.

certain provisions of 18 U.S.C. §1956 (hereinafter referred to as "§1956").  Although §1956 has a special venue provision, as discussed by Mr. Torres-Garcia in his Supplemental Memorandum, the Court's Memorandum Opinion is silent as to any venue considerations pursuant to §1956.

In his Supplemental Memorandum, Mr. Torres Garcia brought to the Court's attention that among the violations with which he is charged, Mr. Torres Garcia is charged with substantive violations of §1956.  Count 13 of the superseding indictment filed against Mr. Torres-Garcia charges that he committed acts, "All in violation of Title 18, United States Code, Sections 1956(h), *1956(a)(2) and 1956(a)(3)* and Title 18, United States Code, Section 2."[2]

§1956 provides, in pertinent part:

> (a)(2) Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United State to or through a place outside the United States or to a place in the United States from or through a place outside the United States—
> (A) with the intent to promote the carrying on of specified unlawful activity; or
> (B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such…is designed in whole or in part—
> (i)to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
> (ii)to avoid a transaction reporting requirement under State or Federal law,
>
> shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer whichever is greater, or imprisonment for not more than twenty years, or both. For the purpose of the offense described in subparagraph (B), the defendant's knowledge may be established by proof that a law enforcement officer represented the matter specified in subparagraph (B) as true, and the defendant's subsequent statements or actions indicate that the defendant believed such

---

[2] D.C. Indictment, Count 2, pg 3 (emphasis added).

2

representations to be true.

(a)(3) Whoever, with the intent—
- (A) to promote the carrying on of specified unlawful activity;
- (B) (to conceal or disguise the nature, location, source, ownership or control of property believed to be the proceeds of specified unlawful activity, or
- (C) to avoid a transaction reporting requirement under State of Federal law,

conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both. For purposes of this paragraph and paragraph (2), the term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval

\* \* \* \* \*

(h) Any person who conspires to commit any offense defined in this section….shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

(i) Venue.—(1) Except as provided in paragraph (2), a prosecution for an offense under this section…may be brought in--

(A) any district in which the financial or monetary transaction is conducted; or
(B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

(2) A prosecution for…conspiracy offense under this section…may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.

(3) For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts…any portion of the transaction may be charged in any district in which the transaction takes place.

3

Clearly, pursuant to §1956, the indictment must be dismissed as venue does not properly lie in the District of Columbia for Count 13. §1956(i) very clearly states that venue for a substantive violation of §1956, as it would apply in this case, lies in any district in which the financial transaction is conducted. In addition, it sets forth that venue for a conspiracy to violate §1956 lies in the district where venue would lie for the completed offense, or in a district where an act in furtherance of the conspiracy took place. Both the affidavit of the Northern District of Illinois case, as well as the "proffer" made by the government at the January 3, 2007 hearing, make it clear that the alleged money laundering occurred in Chicago. As a result, the only proper venue for the money laundering charges against Mr. Torres Garcia is the Northern District of Illinois.

Mr. Torres Garcia, therefore, respectfully requests that the Court reconsider its decision and grant his Motion to Dismiss for Lack of Venue.

**WHEREFORE,** Mr. Torres Garcia respectfully requests that this Court reconsider its decision and grant his Motion to Dismiss the Indictment for Lack of Jurisdiction and his Motion to Dismiss the Indictment for Lack of Venue.

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

By: _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue, NW
South Building – Suite 900
Washington, D.C. 20004
(202) 220-3073
(202) 220-3130 Fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF on this 28th day of January 2008.

/s/
Manuel J. Retureta, Esq.