UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.:  05-267 (RMC) |
| FRANCISCO TORRES GARCIA | |

### DEFENDANT TORRES GARCIA'S MOTION
### *IN LIMINE* TO LIMIT AND PRECLUDE WIRETAP EVIDENCE

**COMES NOW DEFENDANT,** Francisco Torres Garcia (hereinafter referred to as "Mr. Torres Garcia"), by and through undersigned counsel, and respectfully submits this motion *in limine* to limit and preclude wiretap evidence.

### Background

The defense has been provided with a number of audio recordings and will soon receive translations thereof, many of which purport to be intercepts of the defendant, alleged coconspirators, and others.  At issue is whether the purported intercepts are actually what they claim to be - that is, whether they are truly intercepts of the defendant and others.  The authentication provisions of Fed.R.Evid. 901 conditions admissibility of such evidence on the existence of "evidence sufficient to support a finding that the matter in question is what its proponent claims."

Defendant requests a preliminary hearing to establish authenticity before any of these tapes are admitted.  Second, the alleged intercepts raise hearsay issues.  While some of the transcripts facially indicate that the contents [assuming authenticity] may either be non-hearsay under Fed.R.Evid. 801(d)(2)(E) (co-conspirator statement during and in furtherance of a

1

conspiracy) or come with hearsay exceptions such as Fed.R.Evid. 803(1)-(3) (statements describing the plan's descent), other contain intercepts long before the charged conspiracy and do not appear to come within any recognized hearsay exception. Finally, several, including some of these latter referenced intercepts raise relevance issues.

### Procedures Prior to Playing Calls

The Court must establish whether the calls are audible and intelligible. The Court must also provide for the proper authentication of the tapes. Should the government wish to use transcripts with the tapes, then the Court and the defense must review and determine the accuracy of those transcripts.

The Court must determine whether the tapes are: 1) plainly audible; 2) marginally audible without transcripts; 3) unintelligible with transcript; or, 4) incapable of any comprehension. It is this determination that will yield the decision as to whether or not transcripts may be allowed. Specifically, the Court must make the government establish:

1. whether the recording devise was capable of creating the tape recording;
2. whether the operator was competent in operating the device;
3. whether the recording was authentic and correct;
4. whether changes, additions, or deletions were made to the tapes;
5. whether the government can establish the chain of custody of the tapes; and,
6. whether government evidence can properly identify the speakers on the tapes.

At this time the government has not established the necessary factors to allow for introduction of such tapes.

**WHEREFORE,** Mr. Torres Garcia requests the Court for an order precluding and limiting the matters referenced above.

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

**By:** _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue, NW
South Building – Suite 900
Washington, D.C. 20004
(202) 220-3073
(202) 220-3130 Fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF on this 28th day of January 2008.

_____/s/_____
Manuel J. Retureta, Esq.

3