# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|
|
**UNITED STATES OF AMERICA**    |
    |    **Crim. Case No.:  05-267 (RMC)**
**v.**    |
    |
**FRANCISCO TORRES GARCIA**    |
    |
    |

### DEFENDANT TORRES GARCIA'S MOTION TO SUPPRESS ALL ELECTRONIC SURVEILLANCE EVIDENCE AND ALL PHYSICAL EVIDENCE DERIVED THEREFROM AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

**COMES NOW DEFENDANT, Francisco Torres Garcia** (hereinafter referred to as "Mr. Torres Garcia"), by and through undersigned counsel, and respectfully submits this motion requesting suppression of all electronic surveillance/wiretap evidence expected to be introduced at trial by the prosecution.  In addition, Mr. Torres Garcia asks the Court to suppress all evidence derived from the unlawful wiretap and electronic surveillance obtained in this case.  Federal Rule of Criminal Procedure 12(b)(3)(c).

Pursuant to Rule 12(f) of the Federal Rules of Criminal Procedure, Mr. Torres Garcia requests an evidentiary hearing on this motion.

### Concise Procedural Background

Table 1 below lists the electronic surveillance performed under the authority of the Omnibus Crime Control & Safe Streets Act, 18 U.S.C. §2510 *et. seq.* (2004)(hereinafter referred to as "Title III") as a part of the investigation against Mr. Torres Garcia.  The table notes the defendant against whom the surveillance was initiated, the agent supplying the supporting affidavit for the application, the date of the court order, and the issuing court and judge.

**Table 1 - Title III Electronic Surveillance – *U.S. v. Francisco Torres Garcia***

| Surveillance | Date of Order | Issuing Judge |
|---|---|---|
| Francisco Torres Garcia, *et al.* Initial Wiretap Affiant: DEA Special Agent Wilfred Taylor | April 20, 2005 | Charles P. Kocoras Chief Judge, U.S. District Court, Northern District of Illinois, Eastern Division |
| Francisco Torres Garcia, *et al.* 1st Extension Affiant: DEA Special Agent Wilfred Taylor | May 19, 2005 | Charles P. Kocoras Chief Judge, U.S. District Court, Northern District of Illinois, Eastern Division |
| Francisco Torres Garcia, *et al.* 2nd Extension Affiant: DEA Special Agent Wilfred Taylor | June 17, 2005 | Charles P. Kocoras Chief Judge, U.S. District Court, Northern District of Illinois, Eastern Division |
| Francisco Torres Garcia, *et al.* 3rd Extension Affiant: DEA Special Agent Wilfred Taylor | July 28, 2005 | Charles R. Norgle, Sr. Acting Chief Judge, U.S. District Court, Northern District of Illinois, Eastern Division |
| Francisco Torres Garcia, *et al.* Initial Wiretap Affiant: DEA Special Agent Christine Hanley | June 20, 2005 | Vanessa Gilmore U.S. District Court Southern District of Texas, Houston Division |
| Francisco Torres Garcia, *et al.* 1st Extension Affiant: DEA Special Agent Christine Hanley | July 28, 2005 | Vanessa Gilmore U.S. District Court Southern District of Texas, Houston Division |

Mr. Torres Garcia was the subject of the electronic surveillance noted above, or was allegedly identified by government agents as appearing on the electronic surveillance. Furthermore,

applications and supporting affidavits for the surveillance reveal that the investigation was specifically targeted against Mr. Torres Garcia as well as other defendants and unindicted individuals.

### I.  Mr. Torres Garcia Stands As An Aggrieved Party

Title 18 U.S.C. §2518(10)(a) permits any aggrieved person to move to suppress evidence derived from illegally obtained electronic surveillance.  *See Alderman v. United States,* 394 U.S. 165, 171-174 (1969); *United States v. Williams,* 580 F.2d 578 (D.C. Cir. 1978).  An "aggrieved person" is defined under Title 18 U.S.C. §2510(11) as "a person who was a party to any intercepted wire, oral or electronic communication or a person against whom the interception was directed."  *United States v. Bellosi*, 501 F.2d 833, 842 (D.C. Cir. 1974).  Mr. Torres Garcia is an aggrieved party under the statutory authority and case law cited.

As an aggrieved party, Mr. Torres Garcia respectfully moves this Court to suppress the electronic surveillance.  Pursuant to 18 U.S.C. §2518(10)(a):

> Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived there from, on the grounds that
>
>     i.    the communication was unlawfully intercepted;
>
>     ii.    the order of authorization or approval under which it was intercepted is insufficient on its face; or
>
>     iii.    the interception was not made in conformity with the order of authorization or approval.
>
> Such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion.  If the motion is granted, the contents of the intercepted wire or oral communication, or evidence derived there from, shall be treated as having been obtained in violation of this chapter.

Mr. Torres Garcia, as an aggrieved party with standing, asserts violations of all three elements

listed in §2518 (10)(a) and seeks suppression of all electronic surveillance collected in this case.

Mr. Torres Garcia also seeks suppression of any and all evidence derived from the

illegally obtained electronic surveillance evidence.  "Whenever any wire or oral communication

has been intercepted, no part of the contents of such communication and no evidence derived

therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any

court [or] grand jury … if the disclosure of that information would be in violation of this

chapter." 18 U.S.C. §2515 (2004), *as cited in, In re Evans,* 452 F.2d 1239, 1243 n.8 (D.C. Cir.

1971).

## II.  Arguments & Supporting Authorities

### A.  Exhaustion of Investigative Techniques – The Necessity Requirement

Law enforcement identified Mr. Torres Garcia and applied for judicial orders to intercept

telephone calls in April and June of 2005.  The requests were made in two federal courts and

judicial districts:  the District Court for the Northern District of Illinois, Eastern Division; and,

the District Court for the Southern District of Texas, Houston Division.  Mr. Torres Garcia

submits the applications, and affidavits in support of the wiretaps were absent a sufficient

showing that investigative techniques were tried or proven unsuccessful prior to resorting to the

extreme measure of electronic surveillance.

The Supreme Court, in the case of *Giordano*, described the Congress' intent to be

"doubly sure" before the extreme measure of electronic surveillance was employed:

> Congress legislated in considerable detail in providing for applications and
> orders authorizing wiretapping and evinced the *clear intent to make doubly sure
> that the statutory authority be used with restraint and only where the
> circumstances warrant the surreptitious interception of wire and oral
> communications. These procedures were not to be routinely employed as the
> initial step in criminal investigation.* Rather, the applicant must state and the court

> must find that normal investigative procedures have been tried and failed or
> reasonably appear to be unlikely to succeed if tried or to be too dangerous. §§
> 2518 (1)(c) and (3)(c).

*United States v. Giordano,* 416 U.S. 505, 515 (1974)(emphasis added).  Title III expressly

provides that, prior to authorizing a wiretap, the issuing judge must find, in addition to probable

cause, that "normal investigative procedures have been tried and have failed or reasonably

appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518 (1)(c)(2004).

The significance of this provision is to assure that the drastic and invasive measure of

wiretapping is "not resorted to in situations where traditional investigative techniques would

suffice to expose the crime."  *United States v. Oriakhi,* 57 F.3d 1290, 1298 (4th Cir.

1995)(citations omitted), *cert. denied,* 561 U.S. 952 (1995).  *See generally, United States v.*

*Carneiro, 861 F.2d 1171, 1178* (9th Cir. 1988).

    The legislative history behind the statue speaks best to the necessity of this requirement:

> This requirement is patterned after traditional search warrant practice
> and present English procedure in the issuance of warrants to wiretap by
> the Home Secretary. [Citation omitted.]  The judgment would involve a
> consideration of all the facts and circumstances.  *Normal investigative*
> *procedure would include, for example, standard visual or aural*
> *surveillance techniques by law enforcement officers, general questioning*
> *or interrogation under an immunity grant, use of regular search*
> *warrants, and the infiltration of conspiratorial groups by*
> *undercover [\*\*14]  agents or informants.*  Merely because a normal
> investigative technique is theoretically possible, it does not follow that it
> is likely. [Citations omitted.]  *What the provision envisions is that the*
> *showing be tested in a practical and common sense fashion.* [Emphasis
> added].

S. Rep. No. 1097, 90th Congress, 2nd Session 101 (1968); *as cited in, United States v. James,* 494

F.2d 1007, 1015-1016 (D.C. Cir. 1974)(emphasis added).  Admittedly, the government is "not

required to enumerate every technique or opportunity missed or overlooked," and only needs to

show that other techniques would be "impracticable under the circumstances."  *United States v.*

*Sobamowo,* 892 F.2d 90, 93 (D.C. Cir. 1989), and *United States v. Johnson,* 696 F.2d 115, 123

(1982). However, analyzing the extensive law enforcement investigation surrounding Mr. Torres

Garcia in a "practical and common sense fashion," it is clear that law enforcement failed to fulfill

the requirement of explaining with specificity why exhausting investigative techniques did not

take place, or were somehow insufficient.

      As the Court reviews the supporting affidavits, it must not accept general allegations by

law enforcement about a case and whether or not it is difficult to investigate. In *United States v.*

*Robinson,* the Court of Appeals stated:

> … we must be careful not to permit the government merely to characterize a case
> as a "drug conspiracy" … that is therefore inherently difficult to investigate. The
> affidavit must show with specificity why in *this particular investigation* ordinary
> means of investigation will fail.

698 F.2d 448, 453 (D.C. Cir. 1983)(*per curiam*)(emphasis in original), *as cited in, United States*

*v. Ippolito,* 774 F.2d 1482 (9th Cir. 1985). In Mr. Torres Garcia's case, DEA Special Agents

Wilfred Taylor and Christine A. Hanley, as they wrote the supporting affidavits, failed to state

with "specificity" why ordinary investigative techniques have or would fail. Each wiretap is

addressed specifically below.

      **1. Illinois Wiretap**

      Interestingly, the supporting affidavit provided by Special Agent Wilfred Taylor, showed

that normal investigative techniques were allegedly working. The initial affidavits in support of

the application detail in page after page information about undercover activity, surveillance,

consensual calls, informant introductions, etc. Illinois Initial Affidavit, April 20, 2005, pp.10-24.

All these acts support the conclusion that normal investigative techniques were working.

Additionally, the special agent's claim that more information was needed about the "Chicago

cell" is negated by the fact that the investigation was taking them to Mexico and Columbia.

Illinois Initial Affidavit, April 20, 2004, p.25 ¶44. Moreover an undercover agent was working directly with the Chicago connection to the money laundering, Javier Mendez Garcia.

Nothing in the investigative process, as described in the affidavits, rule out that further use of these techniques would not continue to prove beneficial to law enforcement. Indeed the use of surveillance, undercover agents and informants was clearly working. Illinois Initial Affidavit, April 20, 2004, pp.26-30. However, the extreme action of requesting electronic surveillance was used not as a last resort or because other tactics had failed, but rather to bolster the investigation inappropriately.

Additionally, even though the government's first affidavit may prove sufficient to support an initial intercept order, it may not be sufficient to establish that alternative investigative techniques would not succeed with respect to other suspected conspirators, or illegal activity. *United States v. Santora,* 600 F.2d 1317, 1321-22 (9th Cir. 1979)(New target that may appear in investigation still requires complete information in supporting affidavit under Title III for a grant of electronic surveillance.). In Mr. Torres Garcia's case the government sought three extensions: May 19, 2005; June 17, 2005; and, July 28, 2005. The extensions also fail to support the necessity of the continued intrusion.

### 2. Texas Wiretap

Similarly, the investigative techniques described for the Illinois wiretap were being employed, and overlapped the Texas wiretap. However, the Texas wiretap affidavit also exposes the vast, almost routine, use of wiretaps – one more such wiretap was simply not supported by the affidavit. From pages 5-15 of the Texas Initial Affidavit, the states of Texas, Illinois, Georgia, and Tennessee are referenced as entertaining "related" wiretaps. Texas Initial Affidavit, June 20, 2005, pp.5-15. Within these states, the cities of Dallas, Houston, Corpus

Christi, McAllen, Nashville, and Atlanta are all referenced. *Id.* The distinction, or necessity that two target telephone numbers listed in the Texas wiretap needed another wiretap was simply not met.

**B. Affidavits Lacked Probable Cause**

Pursuant to 18 U.S.C. §2518(1)(b), applications for electronic surveillance, and supporting affidavits, must provide:

> A full and complete statement of the facts and circumstances relied upon by the
> applicant, to justify his belief that an order should be issued, including details as
> to the particular offense that has been, is being, or is about to be committed...

Furthermore, the statutory requirement of probable cause in the application for the wiretap also requires, as part of the Fourth Amendment protection against seizures, that each application must contain a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous. 18 U.S.C. §2518(1)(c)(2004). The failure to meet these requirements under the Fourth Amendment and as more particularly set forth in 18 U.S.C. §2518(1)(c) and (3)(c), if not fully established by the Government's affidavit and application for an order, is a failure to establish probable cause.

Generally, the explanations provided by the two DEA special agents in Mr. Torres Garcia's case are conclusory, and at times omit and mislead. Each application for a wiretap order authorizing interception of communications requires an independent showing of probable cause. 18 U.S.C. §2518 (1)(2004). These deficiencies also are present in the requests for extensions of the electronic surveillance since any evidence gathered pursuant to prior unlawful government conduct cannot serve as probable cause to support extensions of previously unlawful interceptions. *See Giordano*, *supra*. In this case, the authorizations and all subsequent

extensions are invalid because they were based on the first affidavits. As is fully set forth below, in detail, the government's applications do not contain sufficient facts to satisfy 18 U.S.C. §2518 (1)(c) and are therefore unable to support a court's §2518 (3)(c) findings.

## C. Extension of Wiretap Order Inadequate

As discussed above, each application for an order authorizing interception of oral or wire communications requires an independent showing of probable cause. 18 U.S.C. §2518 (1)(2004). Any evidence gathered pursuant to prior unlawful government conduct cannot serve as probable cause to support extensions of previously unlawful interceptions. *See Giordano*, *supra*.

Essentially, the government was "piggy-backing" the applications and affidavits. The question for the Court is "…[w]ill an affidavit pass muster by piggy-backing a valid affidavit that was used in support of an application to tap another phone at a different location?" *Calhoun v. State,* 367 A.2d 40 (Md. 1977).

The concept of the government "piggy-backing" the request for electronic surveillance is further exemplified by the "cut-and-paste" done by agents as they drafted the applications and affidavits. Courts have noted that mere presentation of language from previous applications is not enough to satisfy the requirements of Title III. *See Calhoun v. State,* 367 A.2d 40 (Md. 1977).

The "cutting and pasting" is especially serious in light of Mr. Torres Garcia' alleged involvement in the conspiracy. Each application failed to support the need for further surveillance given that nothing new was being developed against Mr. Torres Garcia. *United States v. Blackmon,* 273 F.3d 1204 (9th Cir. 2001); *Castillo-Garcia,* 117 F.3d 1179 (10th Cir. 1997)(overruled on other grounds in *United States v. Ramirez-Encarnacion,* 291 F.3d 1219 (9th Cir. 2002)). Failure to delineate new events to support probable cause is "insufficient without a

showing of present probable cause for the continuance of the eavesdrop." *Berger v. State of New York,* 388 U.S. 41, 59 (1967). It is difficult to see how continued surveillance can stand when review of the affidavits reflects that paragraph after paragraph was merely lifted and dropped into a new affidavit, a new defendant, or a new version of surveillance. The Court must deny this action and suppress such illegally obtained evidence.

Whether it is exaggeration of criminal conduct, or cutting and pasting affidavits again and again, the factual support was not present. Anticipating such problems, the Supreme Court wrote in *Giordano*:

> [A]n extension order could validly be granted *only* upon an application complying with subsection (1) of §2518. ...Plainly the function of §2518(1)(f) is to permit the court realistically to appraise the probability that relevant conversations will be overheard in the future. *If during the initial period, no communications of the kind that had been anticipated had been overheard, the Act requires an adequate explanation for the failure before the necessary findings can be made as a predicate to an extension order.*

*Giordano, supra,* 416 U.S. at 532 (1974)(emphasis added).

**D.  Wiretap of Phone Calls Fail Minimization Requirement**

Title III surveillance of telephone calls requires that the surveillance "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception." 18 U.S.C. §2518 (5)(2004). "Each aggrieved person is entitled to question whether the statutory minimization requirement has been satisfied and, on proving that it has not, to move to suppress a communication on the ground that 'the interception was not made in conformity with the order of authorization or approval.'" 18 U.S.C. §2518(10)(a)(iii), *as cited in, United States v. Scott,* 504 F.2d 194 (D.C. Cir. 1974).

In the past, courts, when addressing the issue of minimization, have considered the number of targeted individuals, the ambiguity of the intercepted conversations, the complexity of

the acts under investigation, and the general extent of the issuing judge's involvement in the electronic surveillance. *United States v. Ozar,* 50 F.3d 1440, 1447 (8th Cir. 1995), *cert. denied,* 516 U.S. 871 (1995). Where a wide spread conspiracy is thought to exist, more extensive surveillance may be justified in an attempt to determine the precise scope of the enterprise. *Scott v. United States,* 436 U.S. 128, 140 (1978).

At this time, Mr. Torres Garcia asserts that the government has not met the minimization requirement and suppression is mandated. This argument is submitted to preserve this issue as further analysis of the wiretaps is concluded.

**E.  False Assertions Or Reckless Assertions Were Made By Agents Regarding Information and Investigative Techniques Requiring A Hearing - *Franks v. Delaware***

Under *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant is entitled to an evidentiary hearing only if his attack on the accuracy of a supporting affidavit is "more than conclusory" and is accompanied by "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *United States v. Gaston,* 357 F.3d 77, 80 (D.C. Cir. 2004). Although there is a presumption favoring the validity of a supporting affidavit, a defendant may challenge the probable cause for a warrant by claiming there were false statements in the affidavit.

At this time, Mr. Torres Garcia submits this argument to preserve this issue as further analysis of the wiretaps is concluded. However, of particular concern is the failure by law enforcement in the Illinois Initial Affidavit, and subsequent three supporting affidavits, to fully inform the Illinois judge regarding prior and related wiretap investigations. *United States v. Bellosi*, 501 F. 2d 833, 842 (D.C. Cir. 1974). As noted above, the Texas Initial Affidavit provides a ten-page litany of prior and related wiretap activity. This is notably absent on the Illinois Initial Affidavit.

**WHEREFORE,** Mr. Torres Garcia respectfully asks the Court for relief in the form of the suppression of evidence obtained from electronic surveillance and suppression of any evidence that was derived from such surveillance.

### Exhibits

The defense intends to provide the Court with the wiretap applications/affidavits as exhibits to this motion.  However, because this material was provided to the defense in a computer format known as ".tif", the files are not accepted by ECF.  In order to change the ".tif" format to a ".pdf" format, so as to be suitable for ECF filing, an extended period of computer file-conversion time is necessary.  It is anticipated that the defense will file the exhibits in the following days.

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

By: _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue, NW
South Building – Suite 900
Washington, D.C.  20004
(202) 220-3073
(202) 220-3130 Fax

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF on this 28th day of January 2008.

_____/s/_____
Manuel J. Retureta, Esq.