UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 05-267 (RMC) |
| | : | |
| FRANCISCO TORRES-GARCIA | : | |
| | : | |

**GOVERNMENT'S NOTICE TO THE DEFENDANT OF INTENT TO OFFER
EVIDENCE OF OTHER DRUG TRANSACTIONS AND MONEY LAUNDERING**

The United States of America, by and through counsel, respectfully files this notice of intent to offer evidence of related yet uncharged drug and money laundering transactions by the defendant that occurred prior to the date of the charged drug and money laundering conspiracy. In support of this motion, the government states the following:

Factual Background

On June 13, 2007, a federal grand jury returned a superseding Indictment against the defendant, charging, in part, that he conspired to import cocaine (count 1), that he conspired to import methamphetamine (count 2) and that he conspired to launder monetary instruments (count 13). The charged cocaine conspiracy, which was ongoing in nature, covers the period of January 2003 through August 2005. The charged methamphetamine conspiracy, which was ongoing in nature, covers the period of January 2004 through August 2005. The charged money laundering conspiracy, which was ongoing in nature, covers the period of October 2004 through August 2005. The substantive counts (counts 3-12) involve various importations of methamphetamine from Mexico into the United States, arranged and coordinated by the defendant.

The Government intends to offer, as background evidence, additional drug and money laundering transactions, which involve the defendant and pre-date the period of the conspiracies.

These prior transactions involve a truck driver who was part of the charged cocaine conspiracy.

On December 3, 2004, during the course of the DEA investigation of the Defendant, Special Agent AJ Collazo, acting as a member of a Colombian drug trafficking organization, had a meeting with the defendant in Panama.  During this meeting, the defendant recounted some of his *bona fides* in the drug trafficking world, including his experience in smuggling and distributing drugs into the United States.  According to the defendant, he owned and operated a transportation organization that for years had imported multi-hundred kilogram loads of cocaine and marijuana via a fleet of tractor trailers.  His crew of drivers, who included black and white U.S. citizens as well as Mexican nationals, would enter the U.S. at McAllen, Texas, and would deliver their loads to various parts of the country.  On their return, the trucks would bring proceeds from drug sales back to Mexico.  The defendant stated that this had gone on for years but that approximately 1 year before, he had stopped this aspect of his activity, both because of post-September 11th security enhancements on the border, as well as the arrest of a driver and seizure of a load of cocaine of his in the United States.

On March 26, 2003, during the pendency of the charged conspiracy, a truck driver was stopped by local authorities in Mississippi for a traffic violation.  After obtaining consent to search his truck, police found, concealed within furniture, approximately 323 pounds of cocaine and 80 pounds of methamphetamine.  Upon subsequent questioning, the driver admitted that he worked for the defendant, and had been taking the furniture from McAllen to Atlanta, Georgia when he was stopped.

In addition to this seized load, the truck driver recounted that he was first recruited by the defendant and his family in approximately 1997, and was told that he'd be delivering loads of

drugs, and returning with loads of money.  For a period of several months, the driver delivered several loads of drugs for Torres' organization to Chicago, where they were delivered to a man he knew as "Javier".[1]  He would return with money.  On one occasion, a co-conspirator commented that the driver had brought a load of more than $10 million back to McAllen.  Throughout this time, the driver was working with Luz Lucero, the defendant's sister, and her family.  After approximately six months, the driver stopped working for the defendant.  Contact was re-established in 2002, when the driver again agreed to work for Torres, and began driving 2-3 loads for him per month up until the time he was stopped and arrested, mainly driving from McAllen, Texas to Chicago and Atlanta.

<u>Analysis</u>

I.  Evidence of Prior Trafficking and Money Laundering is Admissible as Background Evidence

Evidence of the above described prior drug trafficking and money laundering is admissible as background evidence and is not subject to the strictures of Federal Rule of Evidence 404(b).  Drug deals consummated prior to the conspiracy are not automatically transformed into "other crimes" evidence.  <u>United States v. Kennedy</u>, 32 F.2d 876, 885 (4th Cir. 1994)(court held that evidence of drug activity which pre-dated the charged conspiracy and involved persons outside the charged conspiracy was admissible and did not constitute "other

---

[1] He later identified a photograph of Javier Mendez-Garcia from a photo array.  During this investigation, the defendant introduced Mendez-Garcia to an undercover officer working out of the DEA office in Chicago.  Through Mendez-Garcia, the DEA was able to launder $400,000 through the defendant's organization, as well as purchase approximately 15 pounds of methamphetamine.  At one point, Mendez-Garcia told the Chicago undercover officer that their organization had shipped money to Mexico by truck in the past, concealed in furniture.

crimes evidence under Rule 404(b)); United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000)(court held that three prior drug sales by the defendant were admissible as background evidence). Rather, evidence of uncharged evidence is not considered "other crimes" evidence if it arose out of the same series of transactions as the charged offense or if it is necessary to complete the story of the crime on trial. Kennedy, 32 F.2d at 885 (*citing*, United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1089). Where such evidence merely establishes background evidence or helps complete the story, Rule 404(b) does not apply. Orozco-Rodriguez, 220 F.3d at 942. Background evidence includes evidence that explains the relationship of the parties or the circumstances surrounding an event. Id. Background evidence also includes evidence as to how a conspiracy came about, how it was structured, and how a person became a member. United States v. Lockey, 945 F.2d 825, 834 (5th Cir. 1991).[2]

     Rule 404(b) protects against the admission of evidence of other crimes, wrongs or bad acts that have no evidentiary bearing on the charges at issue when such are admitted for the purpose of demonstrating the bad character of the defendant. In other words, the rule excludes evidence that is "extrinsic" or "extraneous" to the charged crime. United States v. Badru, 97 F.3d 1471, 1474 (D.C. Cir. 1996). Evidence is not considered extrinsic or extraneous "if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime . . . ." Badru, 97 F.3d at 1474 (citing United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983)). "As long as evidence of the uncharged criminal conduct is offered as direct evidence of a fact in issue, and not as circumstantial evidence of the character of

---

[2] Although the D.C. Circuit took a narrow view of intrinsic evidence in a non-conspiracy case, prior activity was admitted under more liberal Rule 404(b). United States v. Bowie, 232 F.3d 923 (D.C. Cir. 2000).

the accused, it is admissible independent of its superficial similarity to that which would be considered evidence of 'other crimes' under Rule 404(b)." United States v. Gray, 292 F. Supp. 2d 71, 77-78 (D.D.C. 2003) (Lamberth, J.) (citing Badru, 97 F.3d at 1475 (citing 22 CHARLES A. WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5239 at 450 (1978))).

The Government intends to introduce evidence of defendant's criminal wrongdoing indirectly related to other incidents charged in the indictment. As long as that evidence is offered to prove the existence of the conspiracy (which is charged) rather than a defendant's propensity to commit crimes, it will not fall under Rule 404(b), and the Court should allow its introduction. Badru, 97 F.3d at 1475.

The evidence pertaining to the prior drug transactions involving the truck driver is essential at trial because it helps complete the story of his involvement in the charged drug conspiracy, as well as corroborating what the defendant told Special Agent Collazo during their meeting in Panama. Specifically, it serves as predicate evidence necessary to provide context to the seizure in March 2003 that took place within the charged time frame. See Kennedy, 32 F.3d 885-886; United States v. Chin, 83 F.3d 82, 88 (4th Cir. 1996)(evidence of prior drug distributions is considered "intrinsic" to the crime charged when the acts were necessary preliminaries to the crime charged). This evidence explains how the truck driver became a part of the drug conspiracy. Furthermore, evidence of the prior drug and money laundering transactions serves as background evidence in that it identifies the members of the conspiracy and their respective roles, as well as defines the structure of the conspiracy.

II.    Evidence of Prior Drug Distributions is Nonetheless Admissible under Rule 404(b)

5

In the event the Court finds that the evidence of prior drug transactions does amount to "other crimes" evidence, it is still admissible under Federal Rule of Evidence 404(b). The United States Court of Appeals for the District of Columbia Circuit has a broad view in admitting other crimes evidence under Rule 404(b). The Rule prohibits "evidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Although stated as a rule of restriction, the Rule is actually one of "inclusion rather than exclusion." United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002); Bowie, 232 F.2d at 929. The rule is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance - for the purpose of proving that a person's actions conform to his character. Bowie, 232 F.2d at 929, *citing*, United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc)(Crowder II), *quoting*, United States v. Jenkins, 928 F.2d 1175, 1180 (D.C. Cir. 1991). Cassell, 292 F.2d at 792; *see also*, United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.), *cert. denied,* 498 U.S. 825 (1990). Thus, evidence of a defendant's prior bad act is admissible for purposes unrelated to the defendant's character or propensity to commit crime, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); Cassell, 292 F.3d at 792; Miller, 895 F.2d F.2d at 1436 ("[u]nder Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.").

A.    Two Prong Test/ Standard of Review - Generally

"Given this focus on inclusion," the court must conduct a two part analysis in determining the admissibility of other crimes evidence under Rule 404(b). Cassell, 292 F.3d at

292. First, a trial court must determine that the evidence of the extrinsic offense is relevant to an issue other than the defendant's character. Id.(a 404(b) objection will not be sustained if the evidence of other crimes is relevant, relates to something other than character or propensity, and supports a jury finding that the defendant committed the other crime). Second, the court must find that the evidence possesses probative value that is not substantially outweighed by undue prejudice. Id. ("[o]nce past this first step, the evidence is admitted unless it is otherwise prohibited under any other 'general strictures limiting admissibility,' such as Rule 403."). The trial court's decision will not be set aside absent an abuse of discretion. Id; Bowie, 232 F.2d F.3d at 926-27 (the trial court is afforded "much deference on review.").[3]

    B. Evidence of Prior Drug Distribution and Money Laundering is Relevant

In cases charging narcotic violations, evidence of prior drug transactions are relevant and admissible as evidence of a criminal defendant's intent, knowledge, or a common scheme or plan. United States v. Huff, 959 F.2d 731, 736-37 (8th Cir. 1992)(evidence of defendant's prior cocaine transaction was relevant to prove intent and common scheme or plan); United States v. Jones, 248 F.3d 671, 675 (7th Cir. 2001)(prior drug distribution is relevant to prove intent to distribute drugs and knowledge that a particular substance is a narcotic drug); United States v.Ono, 918 F.2d 1462 (9th Cir. 1990) (prior drug conviction relevant to show intent and knowledge); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir. 1997)(404(b) analysis also

---

[3] There is no requirement that the court make a preliminary finding that the defendant committed the other crime; rather, the trial court need only determine that the evidence was offered for the proper purpose under Rule 404(b). Huddleston v. United States, 485 U.S. 681, 689 (1988).

applies to evidence of a later drug transaction and is relevant as evidence of the defendant's intent and knowledge). Other crimes evidence is also relevant to show the formation of the conspiracy and its operating procedure, the defendant's knowledge of the conspiracy and his intent to engage in transactions in the time frame of the conspiracy. United States v. Lockey, 945 F.2d 825, 834 (5th Cir. 1991). The courts have held that prior drug dealing can even be relevant where the prior transaction involved a different drug. United States v. Devine, 934 F.2d 1325, 1345-46 (5th Cir. 1991)(holding that defendant's prior cocaine conviction was relevant to current charge of conspiracy to manufacture and sell methamphetamine); see also United States v. Broussard, 80 F.3d 1025, 1040 (ten year old prior transaction involving different drug admissible in light of fact that both offenses involved conspiracies).

    In this case, the prior drug transactions are nearly identical to a transaction within the charged conspiracy, and corroborate the defendant's own account of his experience and knowledge concerning the importation of drugs into the United States. They are significantly relevant to show the Defendant's: intent to distribute; intent to smuggle drugs into the United States; knowledge of the conspiracy; knowledge that the smuggled substance was in fact drugs; knowledge of money laundering;[4] motive for profit; identity and roles of co-conspirators; and common scheme or plan, in the recruiting of drug couriers and the delivery of drugs into the United States.

    Furthermore, the fact that the uncharged drug transactions predate the charged conspiracy does not undermine their relevance. See Ono, 918 F.2d at 1465 (seven years old drug conviction

---

[4] Intent and knowledge are well established non-propensity purposes for admitting evidence of prior crimes or acts. Bowie, 232 F.3d at 930.

relevant and not too remote in drug conspiracy case); United States v. Ross, 886 F.2d 264, 267 (thirteen years); United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989)(seventeen years); United States v. Peters, 283 F.3d 300, 312 (5th Cir. 2002)(ten years); Broussard, 80 F.3d at 1040 (ten year old prior drug transaction).

      C.      The Probative Value of Prior Drug Transactions Outweighs Any Prejudicial Effect

Evidence of prior drug transactions is routinely admitted in drug cases. Huff, 959 F.2d 736-37. Rule 403 "tilts . . . toward the admission of evidence in close cases," even when other crimes evidence is involved. Cassell, 292 F.3d at 795. The balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged. Id. In this case, the evidence of prior similar transactions is integral to the event charged. Any potential prejudice can be ameliorated by giving the jury a limiting instruction in accordance with Rule 404(b). Jones, 248 F.3d at 676; Huff, 959 F.2d at 737.

## Conclusion

In conclusion, the government intends to offer evidence that the defendant previously engaged in prior drug smuggling and money laundering involving the same truck driver. This evidence is relevant and admissible as background evidence, and does not constitute "other

crimes" evidence. Even if the Court were to find that these prior transactions were "other crimes" evidence, it is nonetheless admissible under Federal Rule of Evidence 404(b). A limiting instruction to the jury would ameliorate any potential prejudice.

                Respectfully submitted

                KENNETH A. BLANCO, Chief
                Narcotic and Dangerous Drug Section

                ____*/s/ Matthew Stiglitz*_____
                Matthew Stiglitz
                Julius Rothstein
                Trial Attorneys
                Narcotic and Dangerous Drug Section
                1400 New York Avenue, N.W. #800
                Washington, D.C. 20005
                (202) 305-3646
                matthew.stiglitz@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing motion was filed via ECF, which will forward a copy to Manuel Retureta, Esq., counsel for the defendant, at mjr.rw@verizon.net, this 29th day of January, 2008.

                ____*/s/ Matthew Stiglitz*_____
                Matthew Stiglitz