UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.: 05-267 (RMC) |
| FRANCISCO TORRES-GARCIA | |

### DEFENDANT TORRES-GARCIA'S MOTION FOR ADDITIONAL LAW LIBRARY ACCESS AT THE CENTRAL TREATMENT FACILITY

**COMES NOW DEFENDANT, Francisco Torres-Garcia** (hereinafter referred to as "Mr. Torres-Garcia"), by and through undersigned counsel, and respectfully requests that this Court order the D.C. Department of Corrections to provide him additional access to the law library at the Central Treatment Facility (hereinafter referred to as "CTF"), operated by the Corrections Corporation of America. Mr. Torres-Garcia respectfully requests a total of ten (10) hours of law library access per week. In support of this motion, Mr. Torres-Garcia submits the following:

#### BACKGROUND

Mr. Torres-Garcia is currently detained at CTF pending trial. His March trial before this Court is expected to last approximately one month. To date, the government has provided several thousand pages of discovery and a large number of wiretap calls, almost all of which is contained on compact discs. Mr. Torres-Garcia is only permitted to access such discs while at the law library.

Undersigned counsel's office has been informed by Assistant Warden for Programs Walter Fulton that CTF currently has only two computers in its law library available for inmate

1

use. In addition, Warden Fulton volunteered that as it is now the government's usual practice to provide discovery on compact discs, those computers are in high demand by inmates assisting in the preparation of their defense.

Without this Court's intervention, Mr. Torres-Garcia is guaranteed merely one hour of access to the law library per week.[1] Obviously, Mr. Torres-Garcia is not the only inmate at the law library during that time, and, presumably, receives computer time in direct proportion to the number of inmates needing such during his library access. His limited access to the library is, therefore, crippling his ability to meaningfully participate in the preparation of his defense. In light of Mr. Torres- Garcia's upcoming trial, he must have greater access to the law library to fully participate in the preparation of his case for trial.

## ARGUMENT AND AUTHORITIES

The Sixth Amendment to the U.S. Constitution guarantees a criminal defendant the assistance of counsel in the preparation of his defense. The Supreme Court has addressed this right and held that a defendant enjoys a constitutionally protected right to meaningful access to the courts, which includes reasonable law library access, paper and pens at government expense. *See Bounds v. Smith*, 430 U.S. 817 (1977). The holding in *Bounds* made it abundantly clear that the government must shoulder affirmative obligations in order to assure meaningful access to the courts.

Prisoners raising issues of access to law libraries have historically been required to also show actual damage to support their standing. *See Lewis v. Casey*, 518 U.S. 343 (1996). As this Court is well aware, Mr. Torres- Garcia is a Mexican national who found himself before this

---

[1] In addition, an official at CTF has advised that some inmates may access the law library during certain evening hours, as determined by the law librarian.

Court without even the benefit of an extradition process.[2]  He is wholly unfamiliar with the United States justice system, and does not speak English.  Currently, Mr. Torres-Garcia is facing a one-month trial, on very serious charges, in a foreign country in less than six weeks.  The serious nature and complexity of Mr. Torres-Garcia's case, as well as the limited availability of computers for inmate use at CTF and Mr. Torres-Garcia's unfamiliarity with the United States justice system, demand that he receive additional access to the law library in order to assist defense counsel in the preparation of his defense.

In addition, and as courts have noted, "access" must be "meaningful access".  *See Alson v. Debruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994).  *See also, Bounds,* 430 U.S. 817, 823.  Without the ability to review the compact discs containing the discovery in this case for longer than his share of computer use during his one guaranteed hour per week, Mr. Torres-Garcia is unable to assist in the preparation of his defense in any meaningful manner and is being denied "meaningful access" to the Court.  Clearly, Mr. Torres-Garcia has already been damaged by his limited access to the law library and will be further damaged if he is not permitted additional access in order to meaningfully assist in the preparation of his defense.

**WHEREFORE,** Mr. Torres-Garcia respectfully requests that this Court order the D.C. Department of Corrections to provide him with at least ten (10) hours of access to the law library at CTF.

---

[2] Mr. Torres-Garcia continues to maintain that his presence before this Court is improper, as appropriate legal channels were not followed.  As Mr. Torres-Garcia has previously informed this Court, he was abducted as he exited his plane by agents of the United States government; taken through a door on the gangway to an awaiting car on the tarmac; and whisked, via air, first to Guantanamo, Cuba and then to the United States.

        Respectfully submitted,

        **RETURETA & WASSEM, P.L.L.C.**

**By:**         /s/
        Manuel J. Retureta, Esq.
        District of Columbia Bar #430006
        601 Pennsylvania Avenue, NW
        South Building – Suite 900
        Washington, D.C. 20004
        (202) 220-3073
        (202) 220-3130 Fax
        Counsel for Francisco Torres- Garcia

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF on this 4th day of February 2008.

        /s/
        Manuel J. Retureta, Esq.