UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.: 05-267 (RMC) |
| : | |
| FRANCISCO TORRES-GARCIA : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
COUNTS THREE THROUGH ELEVEN OF THE INDICTMENT

The United States of America, by and through Matthew Stiglitz and Julius Rothstein, Trial Attorneys with the U.S. Department of Justice, Criminal Division, Narcotic and Dangerous Drug Section, hereby opposes the defendant's Motion to Dismiss Counts Three Through Eleven of the Superseding Indictment, and in support of said opposition submits the following points and authorities:

BACKGROUND

On June 13, 2007, a Grand Jury returned a thirteen count superseding indictment against the defendant. As the defendant recites in his motion, Counts 3-10 charge alternating counts under 21 U.S.C. § 959 (Manufacture and Distribution of Methamphetamine Knowing and Intending that it Would Be Imported Into the United States) and 21 U.S.C. § 952 (Importing Methamphetamine) which occurred between April and July 4, 2005. What the defendant neglects to include in his factual statement is that each pair of counts alleges a specific and unique weight of drugs. Counts 3 and 4 allege "approximately 3.97 kilograms", counts 5 and 6 allege "approximately 3.95 kilograms", counts 7 and 8 allege "approximately 3.994 kilograms" and counts 9 and 10 allege "approximately 3.993 kilograms".

1

The defendant now moves for dismissal of counts 3-11 on the grounds that they are multiplicitous, in that "[b]ecause the defense is not informed in the indictment as to when the alleged activity took place, it is assumed that the indictment is alleging one act."(Def.'s Mot. Dismiss p. 2)[1] This argument, which conflates the legally distinct issue of multiplicity with that of notice, is without merit and should be denied.

## ANALYSIS

I)    The Superseding Indictment Provides the Defendant With Sufficient Notice of the Crimes Alleged

The defendant's fundamental argument – lack of notice – is based on his assumption that the government is charging the defendant with only "one act". This assumption ignores the plain language of the indictment, which alleges four unique transactions. Therefore, defendant's argument, and his underlying assumption, are without merit and do not support dismissal.

---

[1] In the motion, the defendant includes Count 11, which alleges a violation of 21 U.S.C. § 959 on July 5, 2005 – but not Count 12, which is the companion § 952 allegation. Given that Count 11 is specific as to the date of offense, and therefore is not implicated in his argument of lack of notice concerning "when the alleged activity took place," we assume that his inclusion of Count 11 was a typographical error and do not address it further.

Federal Rule of Criminal Procedure 7(c) regulates the nature and content of an indictment.[2] An indictment is sufficient if it clearly informs the defendant of the offense of which he is accused so that he may prepare his defense and enable him to plead an acquittal or conviction in bar of future prosecutions for the same. United States v. Colon, 628 F.2d 150 (D.C. Cir. 1980). See also United States v. Tucker, 849 F.2d 463 (D.C. Cir. 1990) (an indictment must only apprise the defendant of the elements of the charge and be specific enough to protect him against surprise or double jeopardy). The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge as stated in the indictment. Colon, 628 F.2d at 156. An indictment only has to provide the defendant with notice as to the elements of the offense, and courts have held that even indictments lacking precision, or those that are "niggardly in making the details of its case known to the defendant," are adequate. Id. See also United States v. Ylda, 643 F.2d 348 (5th Cir. 1981) (the test of sufficiently is not whether the indictment could have been more artfully or precisely drawn, but whether it states the elements of the offense intended to be charged and adequately apprises the defendant of that which he must be prepared to meet).

---

[2]Fed. R. Crim. P. 7(c) Nature and Contents. (1) *In General.* The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. For purposes of an indictment referred to in section 3282 of title 18, United States Code, for which the identity of the defendant is unknown, it shall be sufficient for the indictment to describe the defendant as an individual whose name is unknown, but who has a particular DNA profile, as that term is defined in that section 3282. (2) *Criminal Forfeiture.* No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information provides notice that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute.

The indictment should track the language of the statute and provide the defendant with an approximate time and place. An indictment need not be perfect and common sense and reason prevail over technicalities. United States v. Sabbeth, 262 F.3d 207 at 428 (2nd Cir. 2001) (defendant argued that the indictment was defective in that it failed to state jurisdiction. The court held otherwise, noting that the indictment tracked the language of the statute and alleged each of the elements).

The indictment in the instant case fully apprises the defendant of the exact charges that he faces. The defendant is provided with an approximate time period for each drug transaction, an approximate location or place for each drug transaction, as well the weight of drug involved in each transaction. This sufficiently apprises the defendant of charges he faces and enables him to plead an acquittal or conviction in bar of future prosecutions for the same.

II)   Counts Three Through Ten are not Multiplicitous In That They Charge Four Separate and Distinct Acts

Multiplicity is the charging of a single offense in several counts. United States v. Clarke, 24 F.3d 257 (D.C. Cir. 1994); Gerberding v. United States, 471 F.2d 55 (8th Cir. 1973). The test for multiplicity is whether each separately violated statutory provision requires proof of an additional fact which the other does not. Where each offense requires proof of different facts, separate punishment may be imposed in connection with each offense. United States v. Blockburger, 284 U.S. 299, 304 (1932).

Drug transactions involving different quantities of drugs and occurring at different periods of time constitute separate criminal acts and may be charged separately. United States v. Blackeney, 753 F.2d 152 (D.C. Cir. 1985); see also  United States v. Vaughn, 859 F.2d 863 (11th Cir. 1988)

(court held that multiple counts of drug possession were not multiplicitous due to the fact that the defendant was caught on separate dates with different amounts of drugs). In Blackeney, the defendant was found guilty of two counts of possession of marijuana. The defendant argued that each possession was not distinct but rather was one continuous possession. The court held that because each quantity of marijuana was of a different weight, found at a distinct location, and at separate times, they constituted separate criminal acts and could be charged accordingly. Blackeney, 753 F.2d at 155; see also United States v. Maldonado, 849 F.2d 522 at 524 (11th Cir. 1988) (defendant's motion to dismiss two counts of possession of cocaine as multiplicitous denied, where each count required proof of a different quantity of cocaine and each quantity was found in different counties).

Under this well-established standard, counts three through ten are not multiplicitous. As the indictment makes clear, each count involves a different drug transaction with different quantities. Accordingly, each count identifies a separate crime that requires independent proof.

The only legal authority that the defendant cites are United States v. Clarke, 24 F.3d 257 (D.C. Cir. 1994) and United States v. Harris, 959 F.2d 246 (D.C. Cir. 1992). Clarke is inapposite, addressing the issue of waiver of a multiplicity claim rather than the nature of multiplicity itself. Clarke, 24 F.3d at 261. While more on point, Harris actually supports the government's position. In Harris, the defendants' argued that their indictment on two counts of conspiracy was defective as multiplicitous, claiming that they only entered into one agreement and therefore only one conspiracy. The court rejected the defendants' claims and held that the counts were not multiplicitous in that there were two separate statutory provisions violated by one agreement and therefore it was clear that

Congress intended separate punishments for violations of both.  Thus, the defendant offers no legal support for his motion to dismiss, which should be denied accordingly.

CONCLUSION

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the court to deny the defendant's motion to dismiss.

> Respectfully submitted,
> KENNETH A. BLANCO
> Chief, Narcotic and Dangerous Drug Section
>
>
> _____/s/ *Matthew Stiglitz*_____
> Matthew R. Stiglitz
> Julius Rothstein
> Trial Attorneys
> U.S. Department of Justice
> Narcotic and Dangerous Drug Section
> 1400 New York Avenue, N.W. #800
> Washington, D.C. 20530
> (202) 305-3646
> matthew.stiglitz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2008, a copy of the foregoing opposition was filed electronically with the Court, which will forward a copy to Manuel Retureda, Esq., counsel for the defendant.

> _____/s/ *Matthew Stiglitz*_____
> Matthew R. Stiglitz