**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No.: 05-267 (RMC)** |
| | : | |
| **FRANCISCO TORRES-GARCIA** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR DISCLOSURE

The United States of America, by and through Matthew Stiglitz and Julius Rothstein, Trial

Attorneys with the U.S. Department of Justice, Criminal Division, Narcotic and Dangerous Drug

Section, hereby opposes the defendant's motion for disclosure of instances of joint interviewing, and

in support of said opposition states as follows:

The defendant moves the Court to require that the government give notice of instances of

joint interviewing of witnesses, citing for support Fed. R. Evid. 615.

Rule 615 states in pertinent part: "At the request of a party the court shall order witnesses

excluded so that they cannot hear the testimony of other witnesses and it may make the order of its

own motion."

As explicitly stated, Rule 615 applies to testimony, and has no bearing on out-of-court

conversations not relating to testimony provided at trial or other court hearing. See also Fed. R.

Evid. 1101(b) (These rules apply generally to civil actions and proceedings… to criminal cases and

proceedings, to contempt proceedings except those in which the court may act summarily and to

proceedings and cases under Title 11, United States Code.")

While an infrequent source of litigation, Courts that have reviewed Rule 615 have interpreted it narrowly.  See United States v Brown, 547 F.2d 36 (3rd Cir. 1976); United States v. Ruppel, 607 F.2d 300, 306 (9th Cir. 1979).  In Brown, the trial court denied a defense motion for sequestration prior to opening statements, filed out of fear that witnesses would hear through opening statements a summary of what other witnesses would say.  In affirming the ruling, the Court of Appeals, stated:

> We do not, however, construe a party's request for the exclusion of witnesses prior to opposing counsel's opening statement to be within the purview of Rule 615.  Rule 615 relates exclusively to the time testimony is being given by other witnesses.  It's language is clear and unambiguous . . .

Brown, 547 F.2d at 37.  For further support the court noted that Wigmore, "a strong advocate of mandatory sequestration" held that Rule 615 was restricted to the "delivery of testimony upon the stand."  Id., quoting 6 Wigmore on Evidence § 1840.  The Ruppel court similarly rejected a defense claim that Rule 615 applied when witnesses were present for offers of proof at a pre-trial hearing, cited Brown and Wigmore with approval.  Ruppel, 607 F.2d at 306.

The defendant now asks the Court to take this rule concerning the conduct of a court hearing, and convert it to a pre-trial right of discovery, and, implicitly, a basis for precluding testimony at trial.  As is apparent from his complete lack of authority in support of this position, there is no merit to this expansive interpretation of the rule.

**WHEREFORE,** for the foregoing reasons, the government requests that this Court deny the defendant's motion.

Respectfully submitted,
KENNETH A. BLANCO
Chief, Narcotic and Dangerous Drug Section


_____/s/ *Matthew Stiglitz*_____
Matthew R. Stiglitz
Julius Rothstein
Trial Attorneys
U.S. Department of Justice
Narcotic and Dangerous Drug Section
1400 New York Avenue, N.W. #800
Washington, D.C. 20530
(202) 305-3646
(202) 514-0483 (Fax)
matthew.stiglitz@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2008, a copy of the foregoing opposition was filed electronically with the Court, which will forward a copy to Manuel Retureda, Esq., counsel for the defendant.


_____/s/ *Matthew Stiglitz*_____
Matthew R. Stiglitz

3