UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 05-267 (RMC) |
| | : | |
| FRANCISCO TORRES-GARCIA | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*
TO LIMIT AND PRECLUDE WIRETAP EVIDENCE**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby responds to the defendant Torres-Garcia's motion in Limine to limit and preclude wiretap evidence.

Defendant moves the Court for an order precluding the playing of wiretap recordings because they have not been properly authenticated. The defendant further requests a preliminary hearing to determine the authenticity of the recordings as well as the opportunity to raise hearsay objections. The government opposes such a hearing. The government only intends to present those calls that it anticipates easily proving both authenticity and admissibility.

Admission of tape recordings falls within the "sound discretion" of the trial court. United States v. Sandoval, 709 F.2d 1553, 1554 (D.C. Cir. 1983) (citing United States v. Slade, 627 F.2d 293, 301 (D.C. Cir.1980)). The standard that the government needs to meet for the admissibility of these exhibits is not a demanding one requiring a preliminary hearing. Absent a showing of bad faith or evidence tampering, the Government need only "demonstrate that, 'as a matter of reasonable probability,' possibilities of misidentification and adulteration have been eliminated." United States v. Stewart, 104 F.3d 1377, 1383 (D.C. Cir.1997) (quoting United States v. Robinson, 447 F.2d 1215, 1220 (D.C. Cir.1971) (en banc), on rehearing, 471 F.2d 1082 (1972),

rev'd on other grounds, 414 U.S. 218 (1973)). Defendant cites no legal basis to conduct a preliminary hearing on the issue of authenticity. It is not an abuse of discretion for the Court to allow the Government to authenticate the recordings in the presence of the jury during a trial. United States v. White, 116 F.3d 903, 921 (D.C. Cir. 1997). "There is no single rigid standard for determining whether a tape recording may be admitted into evidence." United States v. Dale, 991 F.2d 819, 842 (D.C. Cir. 1993) (citations omitted). The government need only show that the recordings were authentic, accurate, and trustworthy. Id.

Furthermore, the government will seek to elicit only those out-of-court statements that are admissible under the applicable constitutional principles and evidentiary and hearsay rules. Again the defendant provides no authority to preclude the admission of audio recordings until the Court makes a preliminary showing of admissibility. As defendant concedes in his motion, there are various evidentiary bases supporting the admission of recordings against the defendant. One in particular that he cites provides for the admission of statements of co-conspirators made in furtherance of the conspiracy, which are not hearsay and are admissible against all co-conspirators. United States v. (Joseph) Jackson, 627 F.2d 1198, 1216 (D.C. Cir. 1980); Fed. R. Evid. 801(d)(2)(E) (provides that statements of co-conspirators made in furtherance of the conspiracy are not hearsay).

To admit such statements, the government need only prove by a preponderance of the evidence that a conspiracy existed between the defendant and the declarant and that the statement was made in furtherance of the conspiracy. United States v. Beckham, 968 F.2d 47, 51-52 (D.C. Cir 1992) (citing Bourjaily v. United States, 438 U.S. 171, 175 (1987)). As long as the speakers were discussing matters in furtherance of their conspiracy it does not matter that the conversation

was outside the time frame of the charged conspiracy. The timing of a recorded conversation does not affect its relevance.[1] United States v. DiSanto, 86 F.3d 1238, 1253 (1st Cir. 1996) (citing United States v. Perkins, 926 F.2d 1271, 1279-80 (1st Cir. 1991) (finding no error in admission of post-conspiracy statements made to a government informant where court found statements were an admission corroborating trial testimony and reflected complicity and consciousness of guilt). The defendant has all the wiretap recordings and has almost all the transcripts of all the wiretap calls the government intends to use at trial, but has not identified any recording that may be subject to an admissibility objection.

Defendant cites no case holding that the Court must decide the admissibility, under either co-conspirator or other theory of admissibility, statements in advance of the trial. Indeed, appellate courts have routinely upheld the practice of deferring the determination of a defense motion until the trial if that motion requires "deciding issues of fact that are inevitably bound up with evidence about the alleged offense itself." United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994), cert. denied, 514 U.S. 1051 (1995). In United States v. Gantt, 617 F.2d 831, 845 (D.C. Cir. 1980), the D.C. Circuit upheld the trial court's refusal to hold a pretrial hearing into the existence of a conspiracy so as to determine admissibility of statements under co-conspirators' exception to hearsay rule. The court explained that "[a]s a practical matter, to avoid what otherwise would become a separate trial on the issue of admissibility, the court may admit

---

[1] Defendant's claim notwithstanding, the timing of the recorded calls in this case is not at issue. In his motion, the defendant asserts that ". . . other [transcripts] contain intercepts long before the charged conspiracy . . ." (Defendant's Motion *In Limine*, p. 2), despite the fact that the evidence clearly shows that this was not the case. As stated in the superseding indictment, the drug conspiracy began in January 2003. However, the first consensually-recorded and wiretapped calls were not made until October 2004 and April 2005, respectively- more than 21 months *after* the alleged conspiracy began.

declarations of coconspirators' subject to connection.'" Id.; see also Jackson, 627 F.2d at 1218 (trial courts are not required to hold "mini-trials" on the conspiracy issue before the conditional admission of a coconspirator's statements); United States v. Edelin, 128 F. Supp.2d 23, 45-46 (D.D.C. 2001) (Lamberth, J.) (holding that "hearing to make an advance determination of conspiracy is unnecessary for the Court's determination by a preponderance of evidence that a conspiracy existed").

In light of these considerations, the Court should reject defendant's request for a pretrial hearing relating to the authentication and admissibility of wiretap recordings. To determine pretrial whether a particular statement meets the elements for the admission recordings, the Court would essentially have to conduct a trial before the trial. Rule 801(d)(2)(E) requires the government to prove both that the conspiracy exists and that the statement was made in furtherance of the conspiracy. Much of the government's evidence at trial will be presented to prove the existence of the narcotics and money laundering conspiracies. Furthermore, the government represents that the recordings it intends to present were of good quality and anticipates easily showing they are accurate, authentic, and trustworthy. It would not be an efficient use of the Court's resources to present this evidence twice in order to resolve the questions the defendant raises in advance of trial. The trial itself is likely to last four weeks, or more. Neither the federal rules nor prior cases require that the Court undertake such an exercise.

Therefore, these motions should be DENIED.

Respectfully submitted

KENNETH A. BLANCO, Chief
Narcotic and Dangerous Drug Section


_____/s/ Julius Rothstein_____
JULIUS ROTHSTEIN, Deputy Chief
Narcotic and Dangerous Drug Section
D.C. Bar No. 4500036
U.S. Department of Justice
1400 New York Avenue, N.W.
8th Floor
Washington, D.C.  20530
(202) 514-5540
julius.rothstein@usdoj.gov


_____/s/ Matthew Stiglitz_____
Matthew Stiglitz
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
8th Floor
Washington, D.C.  20530
(202) 305-3646
matthew.stiglitz@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion was electronically filed this 11th day of February 2008 via ECF, which will forward a copy to Manuel Retureta, Esq., counsel for the defendant.


_____/s/ Julius Rothstein_____
JULIUS ROTHSTEIN