UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 05-267 (RMC) |
| | : | |
| FRANCISCO TORRES-GARCIA | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
EARLY DISCLOSURE OF *JENCKS AND GIGLIO* MATERIAL AND
PRODUCTION OF WITNESS AND EXHIBIT LISTS**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby responds to the defendant Torres-Garcia's motion for early disclosure of *Jencks*[1] and *Giglio*[2] material, and for the production of a witness and exhibit list.

As the defendant acknowledges, Fed. R. Crim. Proc. 26.2(a) provides that Jencks statements need only be disclosed after direct testimony of the witness. (Motion at 2). Due to security concerns associated in any organized crime and narcotics case with early disclosure of the government's witnesses (or their statements), the government opposes this motion. In an effort not delay cross examination, the government suggests that this material be turned over to defense counsel the Thursday before each witness is expected to testify. This procedure has been employed in this District numerous times. Recently, in the trial of the Gerald Eiland Organization, Judge Lamberth ordered a similar schedule for disclosure which appeared to work well. United States v. Eiland, __ F.Supp.2d ___ (D.D.C. March 2, 2006), 2006 WL 516743 (Memorandum Opinion) (unreported). It was also used in the death penalty trials involving the Tommy Edelin

---

[1] Jencks Act, 18 U.S.C. § 3500(a).

[2] Giglio v. United States, 405 U.S. 150 (1972).

Organization, United States v. Edelin, 128 F.Supp.2d 23, 31 (D.D.C. 2001) (Lamberth, J.), and the Kevin Gray Organization (see United States v. Gray, slip op.11/15/01, at 17). This ruling was based on the Court's finding that "the Government's interest in delaying the disclosure of the identities of witnesses heavily outweighs the defendants' interest in pre-trial discovery." Id. at 16. Numerous other cases support such a ruling. See, e.g., United States v. Wilson, 160 F.3d 732, 742 (D.C. Cir. 1998), cert. denied, 528 U.S. 828 (1999); United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir. 1988), cert. denied, 488 U.S. 867 (1989) ("nothing approaching a Brady violation occurred" where prosecutor disclosed a witness' statement that was inconsistent with a second witness' version of events in time for cross-examination of the second witness); United States v. Edwards, 47 F.3d 841 (7th Cir. 1995) (affirming disclosure of identity of government witness one day before witness was to testify where there were legitimate security concerns). Of course, unexpected changes in the order of government witnesses or added security concerns might result in shorter variations from the "Thursday" production of material, but the government will notify the Court and defense counsel if those situations arise.

      The government notes that it does not expect to disclose large amounts of Jencks materials during the trial. The government has disclosed many of the documents that may be subject to disclosure, including the reports of the undercover agents. The government has also provided all audio and video recordings that it intends to use in trial.

      Defendant also requests an exhibit list and a witness list from the government. The government opposes these requests. This case is quite different than the case cited by the defendant as an example of a District Court taking the unusual step of ordering disclosure of government witnesses. In the case cited by defendant, United States v. Karake, 281 F.Supp.2d

302 (D.D.C. 2003), the Court ordered early disclosure of witness information known by the government because the defendant made adequate showings that the information was material to the defense. Id. at 310. In that case, the Court acknowledged that it was an unusual case involving the murder of tourists in a Ugandan rain forest several years before the court proceedings in the United States. In this case, the incidents occurred both in the United States and Central and South American countries. Additionally, these events occurred within the past three to four years. Furthermore, there were more than 100 witnesses in Ugandan case, many of whom were not in a position needing protection beyond that of any other witness in a violent criminal case. In this case, several of the witnesses are cooperating defendants who are incarcerated in facilities where their status as cooperating defendants put them in extreme danger. Other witnesses include federal law enforcement agents who still work in sensitive, covert investigations. Defendant's request would have more merit if he made the request months ago, instead of on the eve of trial. The late nature of such a request belies the urgency to initiate international investigations of these witnesses. Because this case is different than the unusual circumstances in Karake, the Court should deny this request.

      While at times the government has provided exhibit lists to defense counsel in past cases, and might ultimately do so in this case, there is no authority to compel the government to produce an exhibit list to defense counsel at this time. Indeed, such a document is protected at this time under the attorney work-product doctrine because it reveals attorney strategy in determining which items of evidence the government will present to the jury (and conversely, which items of evidence the government will not present to the jury).

      Therefore, these motions should be DENIED.

Respectfully submitted

KENNETH A. BLANCO, Chief
Narcotic and Dangerous Drug Section


　　　　　/s/ Julius Rothstein
JULIUS ROTHSTEIN, Deputy Chief
Narcotic and Dangerous Drug Section
D.C. Bar No. 4500036
U.S. Department of Justice
1400 New York Avenue, N.W.
8th Floor
Washington, D.C.  20530
(202) 514-5540
julius.rothstein@usdoj.gov


　　　　　/s/ Matthew Stiglitz
Matthew Stiglitz
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
8th Floor
Washington, D.C.  20530
(202) 305-3646
matthew.stiglitz@usdoj.gov

**CERTIFICATE OF SERVICE**

　　　I hereby certify that a copy of the foregoing motion was electronically filed this 11th day of February 2008 via ECF, which will forward a copy to Manuel Retureta, Esq., counsel for the defendant.


　　　　　/s/ Julius Rothstein
　　　　　JULIUS ROTHSTEIN