**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

v.

**FRANCISCO TORRES-GARCIA,**

**Defendant.**

**Criminal Action No. 05-267 (RMC)**

FILED
FEB 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**

Defendant Francisco Torres-Garcia has filed a number of pre-trial motions, some of which the Court will address herein.

1. Mr. Torres-Garcia filed a Motion for Modification of Motion and Trial Dates & Case Status Report [Dkt. # 40] on January 14, 2008. Anticipating the addition of a second defense counsel for the trial, Mr. Torres-Garcia explained that said counsel could not be available on the established trial start date of March 10, 2008, but could participate if the trial were rescheduled to start on March 24, 2008. Efforts by the Court to re-schedule other trials to accommodate this request were unavailing. This case has been pending too long, with the Defendant held without bail, for it to be put at the end of the queue of trials facing the Court. Therefore, Defendant's Motion for Modification of Motion and Trial Dates & Case Status Report [Dkt. #40] is hereby **DENIED.**

2. Mr. Torres-Garcia filed a Motion for Disclosure of Government's Intent to Introduce Rule 404(b) Evidence at Trial [Dkt. #41] on January 27, 2008. The Government responded with full information on January 29, 2008, when it filed its Notice to the Defendant of

Intent to Offer Evidence of Other Drug Transactions and Money Laundering [Dkt. #49]. Therefore, Defendant's Motion for Disclosure of Government's Intent to Introduce Rule 404(b) Evidence at Trial [Dkt. #41] is hereby **DENIED AS MOOT**.

3. Mr. Torres-Garcia filed a Motion to Remain Held at the CTF Detention Facility [Dkt. #42] on January 27, 2008. He explains that he was abruptly moved from the D.C. Jail on January 17, 2008, which disrupted planned attorney visits and the ability for Mr. Torres-Garcia to access the law library for trial preparation. To avoid further disruption, Mr. Torres-Garcia asks the Court to order the D.C. Department of Corrections ("DOC") to keep him at CTF through the trial, which will start in March 2008 and is scheduled for five weeks. DOC's decisions on inmate placement result from consideration of many factors and the Court is unwilling to order any particular placement unless inmate safety or health are at issue. Therefore, Defendant's Motion to Remain Held at the CTF Detention Facility [Dkt. #42] is hereby **DENIED**.

4. Mr. Torres-Garcia filed a Motion for Additional Law Library Access at the Central Treatment Facility [Dkt. #50] on February 4, 2008. He explains that the Government has provided several thousand pages of discovery and a large number of wiretap calls, almost all of which are contained on compact discs that Mr. Torres-Garcia can access only at the library. He asks the Court to order DOC to provide him with at least ten (10) hours of access per week to the law library at CTF, instead of the single hour that he is guaranteed. He points out that the Supreme Court has held that a defendant enjoys a constitutionally protected right to meaningful access to the courts, which includes reasonable law library access. *See Bounds v. Smith*, 430 U.S. 817 (1977). The Government opposes the motion, noting that Mr. Torres-Garcia and his counsel have been in possession of discovery for quite some time. *See* Government's Opp'n to Def.'s Motions to Remain Held at CTF

and for Additional Law Library Access [Dkt. #55] at 2. Mr. Torres-Garcia replies that "it is only last week that trial transcripts of wiretap calls were released." Def.'s Reply [Dkt. #59] at 2. Every defendant held at CTF has the same constitutional right as that noted by Mr. Torres-Garcia, who has had access to the original discovery for a very lengthy period of time. Access to the law library is coveted by all inmates. The Court cannot and will not in this instance micro-manage CTF. Defendant's Motion for Additional Law Library Access at the Central Treatment Facility [Dkt. #50] is hereby **DENIED**.

5. Mr. Torres-Garcia filed a Motion for Disclosure of All Instances Where Government Witnesses Were Interviewed Jointly ("Def.'s Mem.") [Dkt. #43] on January 27, 2008. He notes that Rule 615 of the Federal Rules of Evidence states that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . ." and argues that the "underlying principle of this rule would be eviscerated if the government were allowed to do pretrial what it is clearly precluded from doing during the course of the trial." Def.'s Mem. at 1-2. The Government opposes the motion, arguing that Rule 615 is restricted to the "delivery of testimony upon the stand." *United States v. Brown*, 547 F.2d 36, 37 (3d Cir. 1976) (quoting 6 *Wigmore on Evidence* § 1840); *see also United States v. Ruppel*, 607 F.2d 300, 306 (9th Cir. 1979). The Court agrees that Rule 615 does not apply to pretrial investigations or preparations. Therefore, Defendant's Motion for Disclosure of All Instances Where Government Witnesses Were Interviewed Jointly [Dkt. #43] is hereby **DENIED**.

6. Mr. Torres-Garcia filed a Motion for Early Disclosure of *Jencks* and *Giglio* Material and Production of Witness and Exhibit List [Dkt. #44] on January 27, 2008. Due to the international component to this case, Mr. Torres-Garcia worries that witnesses may be presently

unknown to the defense and his counsel has no way to prepare an effective cross examination. The Government opposes and suggests that the Court adopt a "Thursday" rule, whereby the Government will produce *Jencks*[1] and *Giglio*[2] materials on the Thursday of the week before a witness testifies. *See* Government's Resp. to Def.'s Mot. for Early Disclosure of *Jencks* and *Giglio* Material and Production of Witness and Exhibit Lists [Dkt. #57] at 1-2. The Court has adopted this same procedure in lengthy trials and has found that it avoids trial delays and allows counsel to prepare effective cross examinations. Therefore, the motion [Dkt. #44] is **DENIED IN PART AND GRANTED IN PART** and the Government is hereby **ORDERED** to turn over *Jencks* and *Giglio* material to defense counsel on the Thursday before the week in which a witness is expected to testify. It is **FURTHER ORDERED** that the Defendant's request for early production of witness and exhibit lists is **DENIED**.

7. Mr. Torres-Garcia filed a Motion to Dismiss Counts Three Through Eleven As Multiplicitous ("Def.'s Mot. to Dismiss") [Dkt. #46] on January 28, 2008. He argues that "[b]ecause the defense is not informed in the indictment as to when the alleged activity took place, it is assumed the indictment is alleging one act. Therefore, Counts 3-11 are [multiplicitous]." Def.'s Mot. to Dismiss at 2. The Government opposes, noting that Counts 3-10 charge alternating counts under 21 U.S.C. § 959 (Manufacture and Distribution of Methamphetamine Knowing and Intending that It Would Be Imported Into the United States) and 21 U.S.C. § 952 (Importing Methamphetamine), which occurred between April and July 4, 2005, and which involved specific and unique weights of drugs on each occasion. *See* Government's Opp'n to Def.'s Mot. to Dismiss Counts Three Through

---

[1] Jencks Act, 18 U.S.C. § 3500(a); *see also* Fed. R. Crim. Proc. 26.2(a).

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

Eleven of the Indictment [Dkt. #53]. Citing *United States v. Tucker*, 849 F.2d 463 (D.C. Cir. 1990), and *United States v. Colon*, 628 F.2d 150 (D.C. Cir. 1980), the Government argues that the indictment is sufficient to inform the Defendant of the offenses of which he is accused with enough specificity to protect him against surprise or double jeopardy. *Id.* at 3. Further, the Government argues that multiplicity arises only when a single offense is charged in several counts. *United States v. Clarke*, 24 F.3d 257 (D.C. Cir. 1994). Drug transactions involving different quantities of drugs and occurring at different periods of time constitute separate criminal acts and may be charged separately. *United States v. Blackeney*, 753 F.2d 152 (D.C. Cir. 1985). Counts 3 - 10 are not multiplicitous because they charge four separate and distinct acts that allegedly violate two separate statutes. Therefore, Defendant's Motion to Dismiss Counts Three Through Eleven as Multiplicitous [Dkt. #46] is hereby **DENIED**.

The Court will address the remainder of Mr. Torres-Garcia's outstanding motions in a further order.

**SO ORDERED.**

ROSEMARY M. COLLYER
United States District Judge

DATE: February 21, 2008